UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | November 7, 2016 |
|---|---|---|---|
| Title | YIJIN LU; ET AL. V. DENG; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| George Young | David Majchrzak |
| Steven Sugars | Frederic Trester |

**Proceedings:** ROBERT CORNFORTH'S MOTION TO DISMISS (Filed September 30, 2016, Dkt. 7)

## I. INTRODUCTION

On or about September 2, 2016, Yijin Lu, Yunyao Zhai, Qian Han, and Yuhan Yang filed a complaint against Daniel Hong Deng, Evan Philip Freed, Floyd Rayford Fountain, Robert Cornforth, and Does 1 through 50 in the Los Angeles County Superior Court. Dkt. 1, Ex. A. Plaintiffs' complaint alleges thirteen claims, namely, (1) against Deng and Freed for breach of contract; (2) against Deng and Freed for breach of the covenant of good faith and fair dealing; (3) against Deng and Fountain for breach of contract; (4) against Deng and Fountain for breach of the covenant of good faith and fair dealing; (5) against all defendants for racketeering and corrupt influences, in violation of 18 U.S.C. § 1962(c) ("RICO"); (6) against Deng and Freed for breach of fiduciary duty; (7) against Deng and Fountain for breach of fiduciary duty; (8) against Deng, Freed and Does 1-25 for professional negligence; (9) against Deng, Fountain, and Does 1-25 for professional negligence; (10) against Deng and Freed for common law fraud; (11) against Deng and Fountain for common law fraud; (12) against all defendants for violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq. ("UCL"); and (13) against all defendants for civil conspiracy. On September 28, 2016, defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | November 7, 2016 |
|---|---|---|---|
| Title | YIJIN LU; ET AL. V. DENG; ET AL. | | |

filed a Notice of Removal to the United States District Court for the Central District of California. Dkt. 1.

On September 30, 2016, Cornforth filed the present motion to dismiss all claims for relief alleged against him. Dkt. 7. The only claims alleged against Cornforth are the fifth claim for RICO, the twelfth claim violation of the UCL and thirteenth claim for civil conspiracy. On October 17, 2016, plaintiffs filed an opposition. Dkt. 11. On October 20, 2016, Cornforth filed a reply. Dkt. 17.

## II. BACKGROUND

This case arises out of defendants' alleged representation of three co-defendants in a California criminal case.[1] Plaintiffs allege that, in 2015, they were charged with numerous felonies in violation of California Penal Code sections 206, 207(a), and 245(a)(4). Thereafter, Zhai and Yang were co-defendants in *People of the State of California v. Yunyao Zhai, Yuhan Yang, and Xinlei Zhang*, in Los Angeles Superior Court Case Number KA109395 ("the criminal case"). Compl. ¶ 10. A related criminal case was also filed against three juvenile defendants. Id. Lu, who resides in China, is Zhai's mother. Han, who resides in China, is Yang's mother. Zhai and Yang's third co-defendant, Zhang, is not a party to this action.

Deng, Freed, Fountain, and Cornworth are attorneys licensed to practice in the State of California. Plaintiffs' claims arise out of the relationships they allegedly formed with Deng, Freed, and Fountain for representation in the criminal case. No plaintiff here alleges that Cornforth represented them in the criminal case.

Plaintiffs allege that on April 5, 2015, Deng and Lu had a meeting about Deng's potential representation of Zhai in the criminal case. Id. ¶ 17. During the meeting, Deng allegedly represented to Lu that "he had special influence within the California judicial system," and that Deng could speak directly with District Attorney Jackie Lacey to

---

[1] Unless otherwise noted, the following background is drawn from allegations in plaintiffs' complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | November 7, 2016 |
|---|---|---|---|
| Title | YIJIN LU; ET AL. V. DENG; ET AL. | | |

ensure that Zhai's potential sentence fell between two and four years. Id. On April 8, 2015, Lu signed a retainer agreement with Deng and Freed on her daughter's behalf. Id. ¶ 11. Zhai's retainer agreement provides that, in exchange for Deng and Freed's representation of Zhai in the criminal case, Zhai pay a "flat-rate NON-REFUNDABLE retaining free of Two Hundred Thousand Dollars ($200,000.00)." Compl. Ex. 1. Plaintiffs' allege that Deng represented to Lu that the non-refundable fee was high so that he could "influence the California judicial system in Zhai's favor." Id. ¶ 18. Plaintiffs allege that, as payment for Deng and Freed's joint representation of Zhai, Lu wired the equivalent of $200,000 in Chinese Yuan to Deng's sister in China. Id. ¶ 22-23.

On or about April 27, 2015, plaintiffs allege that Han, acting on behalf of Yang, entered into an analogous retainer agreement with Deng and Fountain ("Yang retainer agreement"). Id. ¶¶ 27-38. During Han's meeting with Deng, Deng allegedly indicated that, with Deng's assistance, Yang would face a sentence between one or two years. Id. ¶ 37. Deng allegedly represented to Han that the Zhai and Zhang families had each paid $250,000 for the representation of their children in the criminal case. Id. ¶38. Deng allegedly represented that he had influence with District Attorney Jackie Lacey and could influence the California Judiciary. In accordance with the Yang retainer agreement, Han wired the equivalent of $200,000 to Deng's sister in China. Id. ¶ 41.

Plaintiffs allege, on information and belief, that Deng and Cornforth "made similar representations" to Zhang and "collected US$200,000.00 for their representation" of Zhang in the criminal case. Id. ¶ 44. Plaintiffs allege that Deng, "working in concert with Cornforth, acted in similar ways and caused similar harm to their third client Xinlei Zhang and his family." Id. ¶ 45. Plaintiffs do not allege that they ever met with, spoke with, or had any relationship with Cornforth, who formally represented Zhang.

Plaintiffs allege that Deng acted as de facto counsel for all three co-defendants. Id. ¶ 46. According to plaintiffs, this "was a flagrant conflict of interest." Id. Plaintiffs allege that defendants failed to obtain their informed consent to a conflict of interest. Id. ¶¶ 46-47. Plaintiffs allege that the defendants did not treat their client's interests as "separately paramount," and that plaintiffs therefore "suffered from [a] lack of zealous

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | November 7, 2016 |
| Title | YIJIN LU; ET AL. V. DENG; ET AL. | | |

advocacy." Id. ¶ 53. According to plaintiffs, defendants charged unconscionable fees and did not achieve the sentencing outcomes which they had fraudulently guaranteed. Id. ¶ 126.

### III. LEGAL STANDARDS

#### A. Rule 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir.1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009); Moss v. United States Secret Service,572 F.3d 962, 969 (9th Cir.2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-

Case 2:16-cv-07283-CAS-RAO   Document 28   Filed 11/07/16   Page 5 of 14   Page ID #:253

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | November 7, 2016 |
|---|---|---|---|
| Title | YIJIN LU; ET AL. V. DENG; ET AL. | | |

specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (*e.g.,* facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir.1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir.1999); Lee v. City of Los Angeles,250 F.3d 668, 689 (9th Cir.2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir.1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed.R.Civ.P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv–Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir.1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir.2000).

**B.    Rule 9(b)**

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba–Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir.2003). A claim is said to be "grounded in fraud" or " 'sounds in fraud' " where a plaintiff alleges that defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  **'O'**

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | November 7, 2016 |
|---|---|---|---|
| Title | YIJIN LU; ET AL. V. DENG; ET AL. | | |

engaged in fraudulent conduct and relies on solely on that conduct to prove a claim. Id. "In that event, ... the pleading of that claim as a whole must satisfy the particularity requirement of [Fed.R.Civ.P.] 9(b)." Id. However, where a plaintiff alleges claims grounded in fraudulent and non-fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

A pleading is sufficient under Fed.R.Civ.P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir.1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir.1994). Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false." Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir.2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir.2010)).

## IV. DISCUSSION

### A. Racketeering

To state a claim for violations of RICO, a plaintiff must allege that a person engaged in a "pattern" of "racketeering activity" in association with an "enterprise" and that said conduct caused injury to plaintiff's business or property. See 18 U.S.C. §§ 1962, 1964; see also Sanford v. MemberWorks, Inc., 625 F.3d 550, 557 (9th Cir.2010). "Racketeering activity" is defined as certain criminally indictable acts. Id. § 1961(1). A "pattern" requires "at least two acts of racketeering activity." Id. § 1961(5).

Plaintiffs' RICO allegations against Cornforth fail as a matter of law. First, plaintiffs do not allege a pattern of acts by Cornforth which fall within the definition of "racketeering activity." Plaintiffs allegations explain in detail the circumstances that led them to transfer a total of $400,000 to Deng in accordance with retainer agreements

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | November 7, 2016 |
|---|---|---|---|
| Title | YIJIN LU; ET AL. V. DENG; ET AL. | | |

signed between plaintiffs, Deng, Fountain, and Freed. Plaintiffs allege that they sent said money based upon numerous representations by Deng including alleged guarantees and alleged fraudulent misrepresentations. However, plaintiffs do not allege that Cornforth participated in the negotiation of their retainer agreements, accepted funds to represent plaintiffs, or otherwise interacted with them. To the extent plaintiffs allege that "all defendants" committed wire fraud by accepting two separate payments of $200,000, any alleged connection to Cornforth is conclusory and fails to satisfy the heightened pleading standards of Rule 9(b).

The only acts alleged to have been committed by Cornforth personally are those related to his alleged representation of Zhang, a third-party. With respect to Cornforth's relationship to Zhang, plaintiffs merely allege that Deng and Cornforth made "similar representations" to Zhang, Compl. ¶ 44, and "acted in similar ways and caused similar harm," Id. ¶ 45. These conclusory allegations do not satisfy the heightened pleading standard of Rule 9(b) and are insufficient to establish that Cornforth engaged in a "pattern" of wire fraud. Furthermore, as Cornforth argues and plaintiffs appear to concede, plaintiffs lack standing to pursue a RICO claim against Cornforth for an alleged injury to Zhang. See Holmes v. Securities Investor Protection Corporation, 503 U.S. 258, 268 (1992) (plaintiffs must allege that RICO violations proximately caused their injury and do not "flow[] merely from the misfortunes visited upon a third person by the defendant's acts").

In light of the foregoing, plaintiffs' RICO claim against Cornforth is **DISMISSED without prejudice**. Furthermore, if plaintiffs intend to maintain their RICO claim against the remaining defendants or seek to amend their RICO claim against Cornforth, plaintiffs are ordered to comply with the Court's RICO case statement, which is appended as Exhibit A to this order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       **'O'**

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | November 7, 2016 |
|---|---|---|---|
| Title | YIJIN LU; ET AL. V. DENG; ET AL. | | |

**B.    California's Unfair Competition Law**

California Business and Professions Code Section 17200 prohibits "unlawful, unfair or fraudulent business act[s] or practice[s]." "Because Business and Professions Code section 17200 is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent." Berryman v. Merit Prop. Mgmt., Inc., 152 Cal.App.4th 1544, 1554 (2007) (quoting Podolsky v. First Healthcare Corp., 50 Cal.App.4th 632, 647 (1996)).  Private standing under the UCL is limited to persons who "ha[ve] suffered injury in fact and ha[ve] lost money or property as a result of the unfair competition." Bus. & Prof. Code § 17204.  To establish standing under the UCL, plaintiffs must "(1) establish a loss . . . sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that that economic injury was the result of, i.e., caused by, the unfair business practice or false advertising that is the gravamen of the claim." Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 322 (2011).

Plaintiffs allege that "all defendants" violated numerous "predicate laws" regulating the legal practice and engaged in fraud.  Compl. ¶ 120.  Plaintiffs allege that they have lost $400,000 due to violations of the California Rules of Professional Conduct and fraud.  However, plaintiffs have not alleged that their injury was the result of unlawful, unfair, or fraudulent acts *by Cornforth*.  Plaintiffs' claims arise out of their relationships to Deng, Freed, and Fountain, to whom they paid $400,000 in reliance upon allegedly fraudulent promises by Deng.  Plaintiffs allege that Cornforth represented a third-party, Zhang, whose interests were in conflict with plaintiffs' interests.  Plaintiffs do not allege that Cornforth had a duty to disclose potential conflicts of interest to them, charged them any fees, received any of their fees paid to Deng, or otherwise had a relationship with them to which the California Rules of Professional Conduct might apply.  Nor do plaintiffs' conclusory allegations against "all defendants" satisfy the heightened pleading standard of Rule 9(b) with respect to Cornforth's alleged fraud.

Accordingly, plaintiffs' UCL claim against Cornforth is **DISMISSED without prejudice**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | November 7, 2016 |
|---|---|---|---|
| Title | YIJIN LU; ET AL. V. DENG; ET AL. | | |

### C. Civil Conspiracy

In order to adequately plead a claim for conspiracy, plaintiffs must allege: (1) the formation and operation of the conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct. Kidron v. Movie Acquisition Corp., 40 Cal.App.4th 1571, 1581 (1995). Civil conspiracy is not a freestanding claim for relief. 5 Witkin, Summary 10th Torts § 45 (2005). Civil conspiracy is a "legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 510-11 (1994). The conspirators must "agree to do some act which is classified as a 'civil wrong' ... [and] must have actual knowledge that a tort is planned and concur in the tortious scheme with knowledge of its unlawful purpose." Kidron v. Movie Acquisition Corp., 40 Cal.App. 4th 1571, 1582 (1995). Furthermore, in order for several defendants to be liable for acts in which they did not directly participate, each defendant must have breached a duty to plaintiff. Everest Inv'rs 8 v. Whitehall Real Estate Ltd. P'ship XI, 100 Cal. App. 4th 1102 (2002). "By its nature, tort liability arising from a conspiracy presupposes that the conspirator is legally capable of committing the tort—that he owes a duty to the plaintiff recognized by law and is potentially subject to liability for the breach of that duty." Id. at 1006.

Plaintiffs allege that Cornforth participated in a civil conspiracy, the purpose of which was to "knowingly and deliberately violate the laws and regulations governing the practice of law." Compl. ¶ 126. Plaintiffs make conclusory allegations that all defendants, including Cornforth, engaged in a scheme to defraud plaintiffs by collecting unconscionable fees, representing plaintiffs despite a conflict of interests, and "mak[ing] false promises and guarantees," about their representation of plaintiffs. Id. ¶ 126.

Plaintiffs' conclusory allegations are insufficient as a matter of law to establish liability under a civil conspiracy theory. The Court finds that plaintiffs' conspiracy claim fails because they do not allege an underlying wrong giving rise to liability for Cornforth.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  **'O'**

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | November 7, 2016 |
|---|---|---|---|
| Title | YIJIN LU; ET AL. V. DENG; ET AL. | | |

First, plaintiffs do not allege an underlying tort. Accordingly, plaintiffs' claim for civil conspiracy against Cornforth must be dismissed.

However, it appears that plaintiffs may seek to base their claim for civil conspiracy upon an alleged conspiracy to commit legal malpractice. The Court notes that it does not appear, based on plaintiffs' present allegations, that Cornforth could be liable for legal malpractice, even under a civil conspiracy theory.

Even if Cornforth joined a conspiracy to violate other attorneys' duties to their clients, as alleged, he can only be liable if he owed a duty to those clients. "Conspiracy . . . cannot create a duty . . . . It allows tort recovery only against a party who already owes the duty." Applied, 7 Cal. 4th at 514. For instance, where a plaintiff brings a claim for civil conspiracy to breach the implied covenant of good faith and fair dealing in an insurance contract, the court must dismiss the civil conspiracy claim against parties who "were not parties to the agreements for insurance" because only parties to the agreement are "subject to an implied duty of good faith and fair dealing" Id. at 512 (citing Gruenberg v. Aetna Ins. Co., 9 Cal.3d 566, 576 (1973)). Furthermore, where the tort underlying a civil conspiracy claim is a breach of fiduciary duty, the claim must be dismissed against non-fiduciaries. See Everest, 100 Cal. App. 4th at 1107 (dismissing breach of fiduciary duty and constructive fraud claims against non-partner for conspiring to breach partners' agreement even though non-partner was alleged to have committed self-serving acts in furtherance of conspiracy). Like duties imposed by contract, an attorney's fiduciary duties to a client are individual in nature and cannot be assigned. See Goodley v. Wank & Wank, Inc., 62 Cal. App. 3d 389, 395–96 (Ct. App. 1976) ("Because of the inherent character of the attorney-client relationship, it has been jealously guarded and restricted to only the parties involved").

Plaintiffs allege that Deng, Freed, and Fountain breached their fiduciary duties to plaintiffs. However, plaintiffs do not allege that they were Cornforth's clients or that he otherwise owed them a fiduciary duty. Accordingly, Cornforth cannot be liable to plaintiffs for breaching a fiduciary duty which he does not owe, whether alleged to be committed personally or by joining in a civil conspiracy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL              'O'

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | November 7, 2016 |
|---|---|---|---|
| Title | YIJIN LU; ET AL. V. DENG; ET AL. | | |

Accordingly, plaintiffs' civil conspiracy claim against Cornforth is **DISMISSED without prejudice**.

## V. CONCLUSION

In accordance with the foregoing, Cornforth's motion to dismiss plaintiffs' claims against him is **GRANTED**. Plaintiffs' claims against Cornforth are **DISMISSED without prejudice**.

If plaintiffs intend to maintain their RICO claim against any defendant[2], plaintiffs are ordered to conform with the Court's RICO case statement, attached here as Exhibit A, within 30 days of the issuance of this order. If plaintiffs intend to attempt to cure the defects identified herein with respect to their claims against Cornforth, they are hereby granted 30 days in which to do so.

IT IS SO ORDERED.

|  | 00 | 05 |
|---|---|---|
| Initials of Preparer | | CMJ |

---

[2] On November 4, 2016, the Court received a notice of errata regarding the present complaint. It appears that on September 23, 2016, prior to defendants' removal of this action, plaintiffs filed an amendment in Los Angeles Superior Court based upon plaintiffs' discovery that Doe 1's true name is Patricia Jean Hattersley. See Dkt. 27 Ex. 1. However, the complaint filed with defendants' notice of removal does not list Hattersley as a defendant and appears to have predated plaintiffs' amendment. Plaintiffs have already filed a certificate of service upon Hattersley. Dkt. 15. However, the record contains at least one Notice of Filer Deficiencies noting that Hattersley is not a defendant named upon any initiating document. See Dkt. 22. In light of the foregoing, plaintiffs shall correct this error in an amended complaint and will be permitted to properly list Hattersley as a defendant without requesting additional leave to amend the complaint.

# Exhibit A

Plaintiff shall file, within thirty (30) days hereof, a RICO case statement.  If plaintiff does not file and serve a RICO case statement within thirty (30) days hereof, this will be deemed plaintiff's withdrawal of the RICO claim.  If plaintiff files a RICO case statement within thirty days, the complaint will be deemed amended to include the RICO case statement.

The RICO case statement shall include the facts plaintiff is relying upon to initiate this RICO claim as a result of the "reasonable inquiry" required by Rule 11 of the Federal Rules of Civil Procedure.  In particular, this statement shall be in a form which uses the numbers and letters as set forth below, and shall state in detail and with specificity the following information.

1. State whether the alleged unlawful conduct is in violation of 18 U.S.C. § 1962(a), (b), (c), and/or (d).

2. List each defendant and state the alleged misconduct and basis of liability of each.

3. List the alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.

4. List the alleged victims and state how each victim was allegedly injured.

5. Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim.  A description of the pattern of racketeering shall include the following information:

    a. List the alleged predicate acts and the specific statutes which were allegedly violated;
    b. Provide the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts;
    c. If the RICO claim is based on the predicate offense of fraud, the "circumstances constituting fraud . . . shall be stated with particularity."  Fed. R. Civ. P. 9(b).  Identify the time, place and contents of the alleged misrepresentations, and the identity of

        persons to whom and by whom the alleged misrepresentations were made;
- d. State whether there has been a criminal conviction for violation of the predicate acts;
- e. State whether civil litigation has resulted in a judgment with respect to the predicate acts;
- f. Describe how the predicate acts form a "pattern of racketeering activity"; and
- g. State whether the alleged predicate acts relate to each other as part of a common plan. If so, describe in detail.

6. Describe in detail the alleged enterprise for the RICO claim. A description of the enterprise shall include the following information:

   - a. State the names of the individuals, partnerships, corporations, associations, or other legal entities, which allegedly constitute the enterprise;
   - b. Describe the structure, purpose, function and course of conduct of the enterprise;
   - c. State whether any defendants are employees, officers or directors of the alleged enterprise;
   - d. State whether any defendants are associated with the alleged enterprise;
   - e. State whether you are alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise; and
   - f. If any defendants are alleged to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

7. State and describe in detail whether you are alleging that the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

8. Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

9. Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.

10. Describe the effect of the activities of the enterprise on interstate or foreign commerce.

11. If the claim alleges a violation of 18 U.S.C. § 1962(a), provide the following information:

    a. State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and
    b. Describe the use or investment of such income.

12. If the claim alleges a violation of 18 U.S.C. § 1962(b), describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise.

13. If the claim alleges a violation of 18 U.S.C. § 1962(c), provide the following information:

    a. State who is employed by or associated with the enterprise; and
    b. State whether the same entity is both the liable "person" and the "enterprise" under § 1962(c).

14. If the claim alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.

15. Describe the alleged injury to business or property.

16. Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.

17. List the damages sustained for which each defendant is allegedly liable.