UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | January 23, 2017 |
|---|---|---|---|
| Title | YIJIN LU ET AL. V. DENG ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Deborah Gackle | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Steven Sugars | Christopher Kanjo |
| | Edward Lear |

**Proceedings:**   EVAN FREED'S MOTION TO DISMISS (Filed December 20, 2016, Dkt. 34)

## I.   INTRODUCTION

On or about September 2, 2016, Yijin Lu, Yunyao Zhai, Qian Han, and Yuhan Yang filed a complaint against Daniel Hong Deng, Evan Philip Freed, Floyd Rayford Fountain, Robert Cornforth, and Does 1 through 50 in the Los Angeles County Superior Court. Dkt. 1, Ex. A. Plaintiffs' complaint alleges thirteen claims, namely, (1) breach of contract by Deng and Freed; (2) breach of the implied covenant of good faith and fair dealing by Deng and Freed; (3) breach of contract by Deng and Fountain; (4) breach of the implied covenant of good faith and fair dealing by Deng and Fountain; (5) racketeering and corrupt influences by all defendants, in violation of 18 U.S.C. § 1962(c) ("RICO"); (6) breach of fiduciary duty by Deng and Freed; (7) breach of fiduciary duty by Deng and Fountain; (8) professional negligence by Deng, Freed and Does 1-25; (9) professional negligence by Deng, Fountain, and Does 1-25; (10) common law fraud by Deng and Freed; (11) common law fraud by Deng and Fountain; (12) violation of California's Unfair Competition Law by all defendants, Cal. Bus. & Prof. Code §§ 17200 et seq. ("UCL"); and (13) civil conspiracy by all defendants.

On September 20, 2016, Freed filed an answer to the complaint in which he made a general denial of all the allegations and alleged no affirmative defenses. Dkt. 1 Ex. C. On September 23, 2016, plaintiffs filed an amendment in Los Angeles Superior Court based upon plaintiffs' discovery that Doe 1's true name is Patricia Hattersley. Dkt. 27

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | January 23, 2017 |
|---|---|---|---|
| Title | YIJIN LU ET AL. V. DENG ET AL. | | |

Ex. 1. On September 28, 2016, defendants filed a Notice of Removal to the United States District Court for the Central District of California. Dkt. 1. Defendants removed this action on the basis of federal question jurisdiction.

On September 30, 2016, Cornforth filed a motion to dismiss all claims for relief alleged against him. Dkt. 7. On November 7, 2016, the Court dismissed all claims against Cornforth without prejudice and ordered plaintiffs to file a RICO case statement setting forth their civil RICO allegations against any defendant. Dkt. 28.

On December 6, 2016, plaintiffs filed a RICO case statement, dkt. 31, and a notice of dismissal with respect to Cornforth and Hattersley, dkt. 30.

On December 20, 2016, Freed filed the instant motion to dismiss plaintiffs' claims against him. Dkt. 34. On December 31, 2016, plaintiffs filed an opposition. Dkt. 37. On January 9, 2017, Freed filed a reply. Dkt. 38.

Having carefully considered the parties' arguments, the Court rules as follows.

## II. BACKGROUND

Plaintiffs are two inmates serving sentences in California prison, Zhai and Yang, and their mothers, Lu and Han respectively.[1] Lu and Han reside in the People's Republic of China ("China"). In Los Angeles County Superior Court Case Number KA109395 ("the Criminal Case"), Zhai and Yang were both charged with several felonies, including torture under California Penal Code section 206, multiple counts of kidnapping under California Penal Code section 207(a), and assault by force likely to produce great bodily injury under California Penal Code section 245(a)(4). Compl. ¶ 10.

Defendants are attorneys licensed to practice in the State of California. Plaintiffs' claims arise out of defendants' alleged work as defense counsel in the Criminal Case. As described in more detail below, plaintiffs allege that Deng and Freed agreed to represent Zhai in the Criminal Case while Deng and Fountain represented Zhai's codefendant, Yang. Lu and Han each paid a retainer fee so that defendants would represent their children in the Criminal Case. Neither Lu nor Han allege that any defendant agreed to represent them in any other matter.

---

[1] Unless otherwise noted, the following background is drawn from allegations in the Complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         'O'

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | January 23, 2017 |
|---|---|---|---|
| Title | YIJIN LU ET AL. V. DENG ET AL. | | |

    Plaintiffs allege that on April 5, 2015, Deng and Lu met to discuss Deng's potential representation of Zhai in the Criminal Case. Id. ¶ 17. During the meeting, Deng allegedly represented to Lu that "he had special influence within the California judicial system," and that Deng could speak directly with District Attorney Jackie Lacey to ensure that Zhai's potential sentence fell between two and four years. Id. Deng allegedly stated that he had made a significant contribution to the District Attorney's election and that she was a close personal friend of Deng's. Id.

    On April 8, 2015, Lu signed a retainer agreement on Zhai's behalf (the "Zhai retainer agreement"). Id. ¶ 11. The Zhai retainer agreement, which is attached to the complaint as Exhibit 1, is written in English with Chinese translations under each paragraph. Id. Plaintiffs allege that Lu cannot read English. Id. ¶ 12.[2] The Zhai retainer agreement provides that, in exchange for both Deng and Freed's representation of Zhai in the Criminal Case, Zhai would pay a "flat-rate NON-REFUNDABLE retaining fee of Two Hundred Thousand Dollars ($200,000.00)." Compl. Ex. 1 (emphasis original). Plaintiffs' allege that Deng represented to Lu that the non-refundable retainer fee was high because "he needed the money in order to influence the California judicial system in Zhai's favor." Compl. ¶ 18. The Zhai retainer agreement further provides:

> CLIENT acknowledges that ATTORNEYS has [sic] made no guarantee regarding the successful termination of said cause of action, and all expressions relative thereto are matters of opinion only . . .
>
> ATTORNEYS shall not settle or compromise this matter without the approval of CLIENT. . .
>
> ATTORNEYS may associate with other attorneys pertaining to this matter, but at no additional cost to CLIENT.

Compl. Ex. 1. The Zhai retainer agreement lists Zhai as the "CLIENT." Id. Although plaintiffs do not allege that Freed met with Lu or Zhai before Lu signed the retainer agreement, plaintiffs allege that Deng signed on behalf of both Deng and Freed and

---

[2] Although the Court cannot discern the accuracy of the translations contained in the retainer agreement, plaintiffs do not allege that the translations are inaccurate, incorrect, or misleading.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | January 23, 2017 |
|---|---|---|---|
| Title | YIJIN LU ET AL. V. DENG ET AL. | | |

agreed that both Freed and Deng would represent Zhai in the Criminal Case. Compl. ¶ 11. Plaintiffs allege that Lu wired the equivalent of $200,000 in Chinese Yuan to Deng's sister in China as payment pursuant to the Zhai retainer agreement. Id. ¶ 22-23. Deng allegedly gave Lu a receipt for the payment. Id. ¶ 23.

Plaintiffs do not allege that Freed ever signed the Zhai retainer agreement or otherwise agreed to its terms. Nor do plaintiffs allege that Freed and Deng ever communicated with one another about the Criminal Case, a division of Zhai's retainer fees, or the agreement Deng allegedly entered on Freed's behalf. Additionally, plaintiffs do not allege that Freed had any formal professional relationship with Deng. Freed "was never an employee of Deng," but the two allegedly work in the same building. RICO Case Statement at 2. Finally, plaintiffs' allegations are silent as to the circumstances under which Freed worked on the Criminal Case, if at all. Plaintiffs do not allege that they ever met with Freed. Nor do plaintiffs allege that Freed made any representations to them about the Criminal Case, its possible outcome, the legal and factual questions it presented, or what work Freed performed on Zhai's behalf, if any. Plaintiffs' sole allegation with respect to Freed's representation of Zhai in the Criminal Case is plaintiffs' allegation that in early September 2015, Deng and Freed recommended to Zhai that she accept a plea bargain for a sentence of thirteen years in prison. Compl. ¶ 54.

On or about April 27, 2015, Han, acting on behalf of Yang, entered into a similar retainer agreement with Deng and Fountain ("Yang retainer agreement"). Id. ¶¶ 27-38. Han and Yang allege that Han's met with Deng to discuss Yang's representation in the Criminal Case. During his meeting with Han, Deng allegedly made representations to Han about his influence with the District Attorney and the California judiciary that were substantially the same as Deng's prior representations to Lu. Id. In accordance with the Yang retainer agreement, Han wired the equivalent of $200,000 to Deng's sister in China. Id. ¶ 41. Plaintiffs do not allege that Freed was a party to the Yang retainer agreement or ever represented Yang.

### III.   LEGAL STANDARDS

#### A.   Rule 12

Freed seeks dismissal of all claims against him pursuant to Rule 12(b)(6). However, a motion pursuant to Rule 12(b) must "be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Freed has already filed an answer to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | January 23, 2017 |
|---|---|---|---|
| Title | YIJIN LU ET AL. V. DENG ET AL. | | |

operative complaint, as have both Fountain and Deng. The claims and allegations against Freed remain unchanged since his answer was filed. Accordingly, the pleadings are closed and Freed's motion pursuant to Rule 12(b) is untimely. See W. Schwarzer, A. Tashima & M. Wagstaffe, Federal Civil Procedure Before Trial (2015) § 9:61. Nonetheless, the Court may construe Freed's motion pursuant to Rule 12(b)(6) as a motion for judgment on the pleadings pursuant to Rule 12(c), provided that it would have been a timely Rule 12(c) motion. See Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980) (the "best approach" is to treat an untimely motion to dismiss as motion for judgment on the pleadings). Accordingly, the Court construes Freed's motion as a motion for judgment on the pleadings.

A motion pursuant to Rule 12(c) must be made after the pleadings have closed, but "early enough not to delay trial." Fed. R. Civ. P 12(c). This case does not yet have a trial date, nor do plaintiffs object to the instant motion as untimely. Accordingly, the Court concludes that the instant motion is timely.

"Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012). Accordingly, while the complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a Rule 12(c) motion, as with a 12(b)(6) motion, the district court must view the facts presented in the pleadings and the inferences to be drawn from them in the light most favorable to the nonmoving party. NL Indus. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); In re Century 21-Re/Max Real Estate Adver. Claims Litig., 882 F. Supp. 915, 921 (C.D. Cal. 1994). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | | |
|---|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** | |
| Case No. | 2:16-cv-07283-CAS (RAOx) | | Date | January 23, 2017 |
| Title | YIJIN LU ET AL. V. DENG ET AL. | | | |

complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

Unless a court converts a Rule 12(b)(6) or 12(c) motion into a motion for summary judgment, a court generally cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

"Although Rule 12(c) does not mention leave to amend, courts have discretion to grant a Rule 12(c) motion with leave to amend (and frequently do so where the motion is based on a pleading technicality)." Schwarzer et al. § 9:341.

### B.     Rule 8

Rule 8(a) of the Federal Rules of Civil Procedure ("Rule 8(a)") provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Any complaint that does not comply with Rule 8(a) may be dismissed on a motion pursuant to Rule 12(c). Music v. Bank of Am., Nat'l Ass'n, No. 14-CV-04776-JCS, 2015 WL 5138140, at *4 (N.D. Cal. Sept. 1, 2015). In order to meet this standard, a claim for relief must be stated with "brevity, conciseness, and clarity." See Charles A. Wright & Arthur R. Miller, 5 Fed. Practice and Procedure § 1215 (3d ed.). The purpose of Rule 8(a) is to ensure that a complaint "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

"In the exercise of their discretion and in order to promote judicial economy, courts often will use a motion directed at the form of a pleading (or a motion to dismiss

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | January 23, 2017 |
|---|---|---|---|
| Title | YIJIN LU ET AL. V. DENG ET AL. | | |

under Rule 12(b)(6)) as a vehicle for considering whether any possible claim for relief [under Rule 8(a)] exists." Wright & Miller, 5 Federal Practice & Procedure § 1217, at 256-58 (3d ed. 2004). In McHenry, the Ninth Circuit explained the problems posed by complaints that fail to meet the standard of Rule 8(a):

> Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges. As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiffs filed, and must prepare outlines to determine who is being sued for what. Defendants are then put at risk that their outline differs from the judge's, that plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different than what they reasonably expected. The rights of the defendants to be free from costly and harassing litigation must be considered.
>
> ***
>
> The judge wastes half a day in chambers preparing the short and plain statement which Rule 8 obligated plaintiffs to submit. He must then manage the litigation without knowing what claims are made against whom. This leads to discovery disputes and lengthy trials, prejudicing litigants in other case[s] who follow the rules, as well as defendants in the case in which the prolix pleading is filed.

84 F.3d at 1777, 1179-80 (internal quotation marks and citations omitted).

## IV. DISCUSSION

Upon reviewing plaintiffs' complaint, the Court finds that the claims alleged against Freed do not satisfy Rule 8(a). In the prolix pleadings of the Complaint and RICO case statement, plaintiffs allege almost no facts relating to Freed. Although the allegations are replete with references to Freed, the allegations with regard to Freed are either legal or conclusory in nature. See e.g. Compl. ¶ 46 (Defendants "defrauded each of their clients by accepting the representation"); Id. ¶ 66 (Freed breached fiduciary duties by "violating the following California Rules of Professional Conduct").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | January 23, 2017 |
|---|---|---|---|
| Title | YIJIN LU ET AL. V. DENG ET AL. | | |

Additionally, plaintiffs treat Deng and Freed interchangeably without alleging a factual basis for doing so. See Id. ¶ 11 ("The [Zhai retainer] Agreement was signed by Lu and Deng, signing on behalf of Freed and Deng"). Ultimately, it is unclear whether and when any plaintiff ever met or interacted with Freed.

Plaintiffs' claims against Freed appear to be based upon Deng's alleged actions. In opposition to the motion to dismiss, plaintiffs argue that Freed was engaged in a civil conspiracy with Deng to commit fraud as well as violate several rules of professional conduct.

### A.   Civil Conspiracy

Civil conspiracy is a "legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 510-11 (1994). In order to adequately plead civil conspiracy, plaintiffs must allege: (1) the formation and operation of the conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct. Kidron v. Movie Acquisition Corp., 40 Cal.App.4th 1571, 1581 (1995). The conspirators must "agree to do some act which is classified as a 'civil wrong' ... [and] must have actual knowledge that a tort is planned and concur in the tortious scheme with knowledge of its unlawful purpose." Kidron v. Movie Acquisition Corp., 40 Cal.App. 4th 1571, 1582 (1995). Additionally, claims for civil conspiracy to commit fraud are subject to the heightened pleading standards of Rule 9(b). Wasco Prod., Inc. v. Southwall Techs., Inc., 435 F.3d 989, 990 (9th Cir. 2006); Otsuka v. Polo Ralph Lauren Corp., No. C 07-02780 SI, 2007 WL 3342721, at *4 (N.D. Cal. Nov. 9, 2007).

Plaintiffs' conspiracy allegations are conclusory in nature. For instance, plaintiffs' claims against Freed appear to be premised principally upon the April 5, 2015 meeting between Deng and Lu. During the April 5, 2015 meeting Deng allegedly guaranteed to Lu that he could obtain a low sentence for Zhai and exert influence over the district attorney's office as well as California's judiciary.[3] However, plaintiffs do not allege that

---

[3] Plaintiffs' appear to base their breach of contract claims upon the Zhai retainer agreement and oral guarantees allegedly made by Deng. "Under California law, a written contract presumptively supersedes all prior or contemporaneous oral agreements concerning the subject matter of the written contract," unless the contract is not fully

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | January 23, 2017 |
|---|---|---|---|
| Title | YIJIN LU ET AL. V. DENG ET AL. | | |

Freed played any role in the April 5, 2015 meeting between Deng and Lu, was aware that said meeting would take place, or was aware of any misrepresentations made by Deng. Plaintiffs do not allege Freed had actual knowledge of Deng's alleged tortious scheme. Plaintiffs do not allege when and how Freed concurred in Deng's alleged plan to fraudulently induce Lu to enter into the Zhai retainer agreement. Put simply, there is no factual basis alleged in support of the conclusory allegation that Freed entered into an agreement to do any of the things allegedly done by Deng.

Instead, plaintiffs make conclusory allegations about the existence of a conspiracy. For instance, plaintiffs allege that there "was a wrongful and tortious common scheme or plan amongst the defendants which included, inter alia, DENG, as the central figure in the conspiracy," Compl. ¶ 126, and "[a]ll defendants should be deemed liable for the general conspiracy, whether they joined the conspiracy after it commenced, or commenced, formulated, or orchestrated the plan and conspiracy, themselves," id. ¶ 127. Such conclusory allegations are insufficient to plausibly allege civil conspiracy, let alone satisfy Rule 9(b)'s requirements to state a claim for civil conspiracy to commit fraud. Absent any allegations regarding acts, statements, knowledge, or agreement on Freed's

---

integrated. Sullivan v. Massachusetts Mut. Life Ins. Co., 611 F.2d 261, 264 (9th Cir. 1979). Whether or not a contract is integrated is a question of law. In re Ankeny, 184 B.R. 64, 70 (B.A.P. 9th Cir. 1995). In this case, the Court may take judicial notice of the Zhai retainer agreement because plaintiffs have submitted it as part of the complaint. See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

Plaintiffs allege that Deng and Freed jointly breached the Zhai retainer agreement by failing to achieve the sentencing outcome allegedly promises by Deng. However, the Zhai retainer agreement contains no representations about Zhai's potential sentence in the Criminal Case. On the contrary, the Zhai retainer agreement contains a provision expressly disclaiming any guarantees by either Freed or Deng. Furthermore, the Zhai retainer agreement appears to be a complete agreement and plaintiffs do not allege that it is an incomplete agreement. Accordingly, Deng's alleged statements do not provide a basis for a breach of contract claim. Accordingly, even if plaintiffs had alleged a factual basis for holding Freed liable for Deng's alleged promises, plaintiffs' breach of contract claim against Freed would nonetheless be dismissed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | January 23, 2017 |
|---|---|---|---|
| Title | YIJIN LU ET AL. V. DENG ET AL. | | |

part, civil conspiracy does not provide a basis for holding Freed liable for Deng's alleged acts.[4]

### B.    Plaintiffs' Remaining Claims

Absent a factual basis for conspiracy liability, plaintiffs must allege a freestanding claim against Freed. Any such claim must be based upon Freed's duties, acts, and omissions. However, plaintiffs' remaining claims suffer the same initial deficiency; they are conclusory in nature and devoid of facts relating to Freed's behavior.

In sum, plaintiffs make conclusory allegations about Freed's alleged representation of Zhai without alleging any specific act or omission by Freed. For instance, plaintiffs allege that Freed represented Zhai in the Criminal Case and that, in doing so, Freed violated a number of California's Rules of Professional Conduct. See Compl. ¶¶ 66, 88, 101, & 119 (listing rules allegedly violated by Freed). However, it is unclear from the Complaint when and how any alleged attorney-client relationship between Freed and Zhai was formed. Plaintiffs allege that Deng signed the Zhai retainer agreement on Freed's behalf, but plaintiffs do not allege whether and why Deng had authority to sign contracts on Freed's behalf. Plaintiffs allege that Freed split fees with Deng for Zhai's representation and that "Deng and Freed recommended" to Zhai that she accept a plea agreement that entailed a longer sentence than Zhai anticipated. However, plaintiffs do not allege when, if ever, they interacted with Freed, that Freed made misrepresentations to them, that Freed's legal assistance was deficient in any particular way, that Freed committed any specific act in violation of the rules of professional conduct, or how Freed caused an injury to plaintiffs.

---

[4] Plaintiffs have offered a photograph from an advertisement in support of their conclusory conspiracy allegations. See Young Decl. Ex. 1. According to plaintiffs, said photograph is an advertisement listed in the Chinese Consumer Yellow Pages and features Deng standing adjacent to Freed. Young decl. ¶ 3. In his declaration, Young states, "[c]learly the photo indicates that Mr. Freed is an associate of Mr. Deng and this is publicly known and advertised." Id. However, assuming for argument's sake that the photograph is admissible, it only appears to show that the two attorneys have an undetermined professional relationship. The photograph does not support an inference that Freed had knowledge of Deng's plan to make certain statements to Lu or that Freed conspired to defraud plaintiffs and violate the Rules of Professional Conduct.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | January 23, 2017 |
|---|---|---|---|
| Title | YIJIN LU ET AL. V. DENG ET AL. | | |

Ultimately, the allegations against Freed do not set forth "what relief, and on what theory," plaintiffs seek to proceed against Freed. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996). They therefore do not satisfy Rule 8(a) and must be **DISMISSED**.

## V. CONCLUSION

In accordance with the foregoing, Freed's motion to dismiss the complaint is **GRANTED**. Plaintiffs' claims against Freed are **DISMISSED without prejudice**. Plaintiffs are granted 30 days leave in which to file any amended complaint.[5]

IT IS SO ORDERED.

|  | 00 | 04 |
|---|---|---|
| Initials of Preparer | | CMJ |

---

[5] If plaintiffs seek to amend their pleadings, they shall attach a RICO case statement as an exhibit in accordance with the Court's prior order.

As currently alleged, plaintiffs fail to allege a RICO claim. As an initial matter, plaintiffs do not allege a continuing enterprise among the defendants. "Pursuit of goals through illegitimate means does not itself, however, beget a RICO enterprise. To be an enterprise, an association-in- fact must have an existence beyond that which is merely necessary to commit the predicate acts of racketeering." Canadian-Am. Oil Co. v. Delgado, 108 F.3d 1384 (9th Cir. 1997) (quotation marks and citation omitted). Plaintiffs must allege that defendants' enterprise was "continuing" and "ongoing, rather than isolated activity." Odom v. Microsoft Corp., 486 F.3d 541, 552–53 (9th Cir. 2007) (quotation marks omitted). Plaintiffs only allege a scheme to commit two acts of fraud. Plaintiffs do not adequately allege that an enterprise existed beyond that which was necessary merely to commit the alleged predicate acts of fraud, let alone an enterprise that was ongoing.