## CIVIL MINUTES - GENERAL     'O'

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | June 5, 2017 |
|---|---|---|---|
| Title | YIJIN LU ET AL. V. DANIEL HONG DENG ET AL. | | |

**Present: The Honorable**    CHRISTINA A. SNYDER

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Steven Sugars | Fredric Trester |
| | Edward Lear |

**Proceedings:**    DANIEL DENG'S AND FLOYD FOUNTAIN'S MOTION TO DISMISS (Filed May 8, 2017, Dkt. 57)

EVAN FREED'S MOTION TO DISMISS (Filed May 8, 2017, Dkt. 59)

## I. INTRODUCTION

On or about September 2, 2016, Yijin Lu, Yunyao Zhai, Qian Han, and Yuhan Yang filed a complaint against Daniel Hong Deng, Evan Philip Freed, Floyd Rayford Fountain, Robert Cornforth, and Does 1 through 50 in the Los Angeles County Superior Court. Dkt. 1, Ex. A. On September 23, 2016, plaintiffs filed an amendment in Los Angeles Superior Court based upon plaintiffs' discovery that Doe 1's true name is Patricia Hattersley. Dkt. 27 Ex. 1. On September 28, 2016, defendants filed a Notice of Removal to the United States District Court for the Central District of California. Dkt. 1.

On September 30, 2016, Cornforth filed a motion to dismiss all claims for relief alleged against him. Dkt. 7. On November 7, 2016, the Court dismissed all claims against Cornforth without prejudice.[1]

---

[1] On December 6, 2016, plaintiffs also filed a notice of dismissal with respect to Cornforth and Hattersley. Dkt. 30.

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | June 5, 2017 |
|---|---|---|---|
| Title | YIJIN LU ET AL. V. DANIEL HONG DENG ET AL. | | |

The initial complaint alleged eight claims against Freed. On December 20, 2016, Freed filed a motion to dismiss the claims against him. Dkt. 37. On January 23, 2017, the Court granted Freed's motion and gave plaintiffs 30 days leave in which to file any amended pleadings. Dkt. 40. In its January 23, 2017 order, the Court ruled that plaintiffs had failed to satisfy Rule 8 by setting forth what relief, and on what theory, plaintiffs sought to proceed against Freed. Id. at 11.

On February 22, 2017, plaintiffs filed a First Amended Complaint ("FAC"). Dkt. 47. Plaintiffs did not reallege any of their original claims against Freed. Instead, the FAC alleged a single, new claim against Freed for declaratory relief pursuant to California Business and Professions Code § 6148, relating to contracts between attorneys and clients. On March 8, 2017, Freed filed a motion to dismiss the FAC. Dkt. 50. On April 10, 2017, the Court dismissed the sole claim against Freed without prejudice and granted plaintiffs 14 days leave in which to file an amended complaint. Dkt. 53.

On April 24, 2017, plaintiffs filed a Second Amended Complaint ("SAC"). Dkt. 54. In the SAC, all four plaintiffs allege the following claims against Deng:

(1) breach of contract;
(2) breach of fiduciary duty;
(3) breach of the implied covenant of good faith and fair dealing;
(4) racketeering activity in violation of 18 U.S.C. § 1962(c) ("RICO");
(5) conspiracy to commit racketeering activity in violation of 18 U.S.C. § 1962(d) ("RICO Conspiracy");
(6) common law fraud;
(7) unfair competition in violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("the UCL");
(8) conspiracy.

Yang and Zhai also allege a claim for professional negligence against Deng. Plaintiffs all join in a claim against Fountain, Freed, and Deng for declaratory judgment pursuant to California Business and Professions Code section 6148. Plaintiffs' declaratory judgment claim is the only claim alleged against Fountain and Freed.

On May 8, 2017, Deng and Fountain jointly filed a motion to dismiss. Dkt. 57 ("Mot."). On the same day, Freed filed a motion to dismiss. Dkt. 59. On May 15, 2017,

plaintiffs filed an opposition to Deng and Fountain's motion, dkt. 60 ("Opp'n"), as well as Freed's motion, dkt. 61. On May 22, 2017, Deng and Fountain filed a joint reply. Dkt. 63. On the same day, Freed also filed a reply. Dkt. 64.

Having carefully considered the parties' arguments, the Court rules as follows.

## II.   BACKGROUND

This action is brought by two families. Lu and Zhai are one mother-daughter pair. Han and Yang are another mother-daughter pair. Both daughters, Yang and Zhai, were charged as co-defendants in Los Angeles County Superior Court Case Number KA109395 ("the Criminal Case").[2] Han and Lu reside in China. However, after Zhai and Yang were charged, their mothers, Han and Lu, traveled from China to support and assist their daughters. Han and Lu both retained defense counsel on their daughters' behalf and paid their daughters' attorneys' fees.

All three defendants are attorneys licensed to practice in the State of California. As discussed in more detail below, in April 2015, both families retained Deng as defense counsel in the Criminal Case. Plaintiffs allege that Deng and Freed agreed to represent Zhai in the Criminal Case while Deng and Fountain represented Yang. This action stems from the manner in which Deng obtained Zhai and Yang as clients, the manner in which he represented Zhai and Yang in the Criminal Case, and the means by which he charged both families fees.

### A.   Lu Hires Deng and Freed to Represent Zhai

On or about April 5, 2015, Lu met, in person, with Deng to discuss her daughter Zhai's representation in the Criminal Case. Id. ¶ 25. Plaintiffs allege that, during the April 5, 2015 meeting, Deng made several misrepresentations to Lu regarding his ability to obtain a favorable result in the Criminal Case and the need for a large non-refundable

---

[2] In the Criminal Case, Zhai and Yang were each charged with several felonies, including torture in violation of California Penal Code § 206, multiple counts of kidnapping in violation of California Penal Code § 207(a), and assault by force likely to produce great bodily injury in violation of California Penal Code § 245(a)(4). SAC ¶ 12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | June 5, 2017 |
|----------|--------------------------|------|--------------|
| Title | YIJIN LU ET AL. V. DANIEL HONG DENG ET AL. | | |

fee. Deng allegedly told Lu that he "had special influence within the California judicial system which would guarantee that her daughter [Zhai] would not be sentenced to any significant period of incarceration." Id. Deng also allegedly showed Lu a photograph of himself with the Los Angeles County District Attorney ("DA"), adding that he had made "significant contributions to the [DA's] election . . . and that [the DA] is a close personal friend of his." Id. "[Deng] indicated that he would speak directly to [the DA] . . . [to] ensure that [Zhai's] sentence would fall within 2 to 3 years, and that under the worse scenario [sic], would not exceed 4 years." Id. Plaintiffs further allege that Deng "represented . . . by strong implication, that the reason he was charging such a large non-refundable retainer fee was that he needed the money in order to influence the California judicial system in [Zhai's] favor." Id. ¶ 26. Deng allegedly told Lu that he believed a reasonable fee would be $300,000, but that he was willing to give Lu and Zhai a discount and charge only $200,000. Id. ¶ 27.

Three days later, on April 8, 2015, Lu, acting on behalf of her daughter who was in jail at the time, signed a retainer agreement. Id. ¶ 13; SAC Ex. 1 ("Zhai Retainer Agreement"). The contract Lu signed purports to be an "Attorney Retainer Agreement" between Zhai and both Freed and Deng. SAC Ex. 1 at 1. It listed both Freed and Deng as attorneys who would, "take all steps" necessary to represent Zhai in the Criminal Case in exchange for a "flat-rate NON-REFUNDABLE retaining fee of ___Two Hundred___ ___Thousand___ Dollars ($200,000.00)." Id. (emphasis in original). The Zhai Retainer Agreement further provides:

> CLIENT acknowledges that ATTORNEYS has [sic] made no guarantee regarding the successful termination of said cause of action, and all expressions relative thereto are matters of opinion only . . .
> ATTORNEYS shall not settle or compromise this matter without the approval of CLIENT. . .
> ATTORNEYS may associate with other attorneys pertaining to this matter, but at no additional cost to CLIENT.

SAC Ex. 1. The Zhai retainer agreement lists Zhai as the "CLIENT." Id. At the bottom of the Retainer Agreement is a signature block. The line for the client's signature is blank. Plaintiffs do not allege that Zhai ever signed the Zhai Retainer Agreement. It is unclear when, if ever, Zhai saw the document. Under one line, Freed's name is printed. Id. at 2. Plaintiffs allege that Deng signed above Freed's name. SAC ¶ 13.

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | June 5, 2017 |
|----------|--------------------------|------|--------------|
| Title | YIJIN LU ET AL. V. DANIEL HONG DENG ET AL. | | |

After signing the Zhai Retainer Agreement on April 8, 2015, Lu allegedly called her husband in China from Deng's office. Id. ¶ 29. At Deng's instruction, Lu's husband wired the equivalent of $200,000 in Chinese Yuan to Deng's sister in China. Id. On April 10, 2015, Deng gave Lu a receipt for the payment of the $200,000 fee. Id. ¶31; SAC Ex. 2.

Plaintiffs do not allege that, at the time Lu signed the Retainer Agreement, she had ever met or communicated with Freed – Lu had only spoken with Deng. Id. ¶ 25. Nor do plaintiffs allege that they entered into a contract with Freed or otherwise reached any agreement with Freed for fees. Freed did not sign the Zhai Retainer Agreement, id. ¶ 15, and was not aware of any of its terms, id. ¶ 16. Freed did not see or know the terms of the Zhai Retainer Agreement until this suit began. Id. Plaintiffs allege that Freed never authorized Deng to execute the Retainer Agreement on his behalf, id. ¶ 17, but that, on April 8, 2015, Freed nonetheless began providing legal services to Zhai in connection with the Criminal Case, id. ¶ 14.

Plaintiffs allege that, after Lu's husband paid the $200,000 fee, Deng lied to Freed about the amount of fees paid for Zhai's representation. Id. ¶ 14. Deng allegedly told Freed that Lu had only paid $20,000 and that Deng and Freed could divide the fees equally.[3] Id. ¶ 14. Freed allegedly received $10,000 from Deng for Freed's legal work representing Zhai in the Criminal Case. Id. Plaintiffs allege that the "reasonable value of the legal services provided" by Freed was "substantially less" than the amount Freed received from Deng. Id. ¶ 73.

It is unclear when, if ever, plaintiffs claim to have met Freed. Plaintiffs allege that in "about early September 2015," Deng and Freed recommended to Zhai that she accept a plea bargain, which carried a sentence of 13 years. Id. ¶ 66. Zhai accepted the plea bargain and was sentenced to a term of 13 years imprisonment. Id. ¶ 76.

### B.    Han Hires Deng and Fountain to Represent Yang

Plaintiffs allege that on or about April 27, 2015, Han also met in-person with Deng. Id. ¶ 49. During the April 27, 2015 meeting Deng allegedly made several

---

[3] The SAC does not allege when Deng lied to Freed or when Deng paid Freed. The SAC alleges that it was "apparently, at or around" April 8, 2017. SAC ¶ 14.

**CIVIL MINUTES - GENERAL**      '0'

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | June 5, 2017 |
|---|---|---|---|
| Title | YIJIN LU ET AL. V. DANIEL HONG DENG ET AL. | | |

misrepresentations to Han regarding his ability to obtain a favorable result in the Criminal Case and the need for a very high fee. Deng allegedly told Han that he "had special influence within the California judicial system which would guarantee that [Yang] would not be sentenced to any significant period of incarceration." Id. Deng also allegedly showed Han a photograph of himself with the DA, adding that he had made "contributions to the [DA's] election . . . and that [the DA] is a close personal friend of his." Id. "[Deng] indicated that he would speak directly to [the DA] . . . [to] ensure that [Han's] sentence would not exceed 2 years, probably 1 year." Id. Deng allegedly guaranteed that Yang's sentence would not exceed two years "at the absolute worst." Id. ¶ 51. Plaintiffs further allege that Deng "represented . . . by strong implication, that the reason he was charging such a large non-refundable retainer fee was that he needed the money in order to influence the California judicial system in [Yang's] favor." Id. ¶ 50.

After Deng made the foregoing representations, Han, acting on behalf of her daughter, Yang, who was in jail at the time, signed a retainer agreement. Id. ¶ 35. The retainer agreement that Han allegedly signed on April 27, 2015, is attached to the SAC as exhibit 4. See SAC Ex. 4 ("Version One of the Yang Retainer Agreement"). On April 28, 2015, Deng allegedly spoke with Yang, who was in custody. Id. ¶ 36. On April 28, 2015, Yang signed a retainer agreement that was slightly different from the retainer agreement signed by her mother. Id.; SAC Ex. 5 ("Version Two of the Yang Retainer Agreement").

Both versions of the Yang Retainer Agreement contain language written in English and in Mandarin. Most of the writing in Mandarin, which appears below and/or after each section of writing in English, appears to be a translation of the English writing.[4]

## 1. The Document Han Signed

On April 27, 2015, Han allegedly signed Version One of the Yang Retainer Agreement. Version One provides:

---

[4] Although the Court cannot discern the accuracy of the translations contained in the retainer agreements, plaintiffs do not allege that the translations are inaccurate, incorrect, or misleading.

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | June 5, 2017 |
|----------|--------------------------|------|--------------|
| Title | YIJIN LU ET AL. V. DANIEL HONG DENG ET AL. | | |

This ATTORNEY RETAINER AGREEMENT . . . is made on **Monday, April 27, 2015** . . . by and between **Yang, Yuhan** in California, hereinafter designated as 'CLIENT' and, **Rayford Fountain, Esq**, hereinafter designated as 'ATTORNEYS,' Witnesseth: [Unidentified Mandarin Characters] **Rayford Fountain Esq.** [Unidentified Mandarin Characters]

CLIENT, in consideration of services rendered and to be rendered by ATTORNEYS to CLIENT, retains ATTORNEYS to represent him/her as his/her Attorney at law regarding: [Unidentified Mandarin Characters]:

[Unidentified Mandarin Characters]_____.

CLIENT empowers ATTORNEYS to take all steps in said matter . . . CLIENT agrees to pay to ATTORNEYS, for professional services, a flat-rate NON-REFUNDABLE retaining fee of *TWENTY THOUSAND*_Dollars ($**200,000**).  Payable as follows: [Unidentified Mandarin Characters]:

[Blank Line in Original]_____.

. . .

CLIENT acknowledges that ATTORNEYS has [sic] made no guarantee regarding the successful termination of said cause of action, and all expressions relative thereto are matters of opinion only. CLIENT as also advised that ATTORNEYS do not carry malpractice insurance. [Unidentified Mandarin Characters].

. . .

ATTORNEYS may associate with other attorneys pertaining to this matter, but at no additional cost to CLIENT. [Unidentified Mandarin Characters]

Client is advised that co-defendant _[Blank Line]_ has also retained ATTORNEY Daniel Deng as his/her counsel, and Client agrees to waive the potential conflict after being advised the potential conflict and having sought outside counsel for advice. [Unidentified Mandarin Characters].

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | June 5, 2017 |
|----------|--------------------------|------|--------------|
| Title | YIJIN LU ET AL. V. DANIEL HONG DENG ET AL. | | |

CLIENT has also agreed to allow ATTORNEYS to discuss and release information to the following authorized parties: [Unidentified Mandarin Characters]:

[Blank Line in Original]_____

IN WITNESS WHEREOF, the parties set their hands the date first mentioned.  [Unidentified Mandarin Characters].

By: [Allegedly Deng's Signature]      _____[Blank Line]_____

**Rayford Fountain, Esq.**          CLIENT [Typed Mandarin]

2112 Walnut Grove Avenue      _[Handwritten Mandarin Characters]_

Rosemead, California 91770      FEES GUARANTEED BY:

                              [Typed Mandarin Characters]

SAC Ex. 4 at 1-2 (emphasis in original).

### 2.    The Document Yang Signed

On April 28, 2015, Yang signed Version Two of the Yang Retainer Agreement from jail.  Version Two includes certain statements that were not present in Version One. Version Two provides:

This ATTORNEY RETAINER AGREEMENT . . . is made April 28, 2015, in California, by and between **YUHAN YANG___**, in California, hereinafter designated as 'CLIENT' and, **RAY FOUNTAIN AND DANIEL DENG** hereinafter designated as 'ATTORNEYS,' Witnesseth: [Unidentified Mandarin Characters] **RAY FOUNTAIN AND DANIEL DENG** [Unidentified Mandarin Characters]:

SAC Ex. 5 at 1 (emphasis in original).  Version Two further provides the following description of services, "DENG AS FAMILY ATTORNEY. RAY FOUNTAIN FOR MY CRIMINAL CHARGES."  <u>Id.</u>  The fee is described as:

> ***TWO HUNDRED THOUSAND___*** Dollars. (***$200,000***). Payable as
> follows:
> [Unidentified Mandarin Characters]:
>
> **<u>PAID BY FAMILY</u>_____**

<u>Id.</u> (emphasis in original).  The "Trial fee" is described as "**<u>included</u>**" rather than "**<u>N/A</u>**." <u>Id.</u> (emphasis in original).

Version Two also omits certain statements that were present in Version One. Version Two does not say that the fee is non-refundable, that the attorneys lack malpractice insurance, that the attorneys may discuss or release information to authorized parties, that Deng may represent an unidentified co-defendant, or that there may be a conflict for Deng to represent two co-defendants.  Lastly, Version Two has a different signature block:

By: __[Signature]_____          ___[Signature]_____
     **<u>Daniel Deng, Esq.</u>**          CLIENT [Mandarin Characters]

                                            FEES GUARANTEED BY:

                                            ___[Blank Line]_____
[Mandarin]: (626)280-6000          [Mandarin Characters]

[Mandarin]: (626)280-3333          [Mandarin Characters]: __[Blank Line]__

SAC Ex. 5 at 2 (emphasis in original).  Plaintiffs allege that Han never saw or received a copy of Version Two of the Yang Retainer Agreement until it was turned over by defendants in the course of this case.[5]  SAC ¶ 36.

---

[5] The SAC is silent as to whether Yang was given a copy of Version Two of the Yang Retainer Agreement after she signed it.

## CIVIL MINUTES - GENERAL     'O'

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | June 5, 2017 |
|---|---|---|---|
| Title | YIJIN LU ET AL. V. DANIEL HONG DENG ET AL. | | |

On April 27, 2015, Han called friends and relatives in China to borrow the equivalent of $200,000. Id. ¶ 53. While sitting in Deng's office, Han and her husband allegedly authorized an electronic transfer of funds from a bank account in China that they controlled to a bank account in China controlled by Deng's sister. Id.

Plaintiffs do not allege that, at the time Han and Yang signed the documents described above, either of them had ever met Fountain. Nor do plaintiffs allege that they entered into a contract with Fountain or otherwise reached any agreement with Fountain. Fountain did not sign any version of the Yang Retainer Agreement and was not aware of any of its terms. Id. ¶ 46. Fountain was not aware of the terms of either version of the Yang Retainer Agreement until this action commenced. Id. ¶ 40. Plaintiffs allege that Fountain never authorized Deng to execute a Retainer Agreement on his behalf. Id. ¶ 41.

Deng allegedly told Fountain that Han had only paid $20,000 and that Deng and Fountain could divide the fees equally.[6] Id. ¶ 71. Fountain allegedly received $10,000 from Deng for representing Yang in the Criminal Case. Id. Plaintiffs allege that the "reasonable value of the legal services provided" by Fountain was "substantially less" than the fees Fountain received from Deng. Id. ¶ 73.

It is unclear when, if ever, plaintiffs claim to have met Fountain. Plaintiffs allege that in "about early September 2015," Deng and Fountain recommended to Yang that she accept a plea bargain, which carried a sentence of ten years. Id. ¶ 67. Yang accepted the plea bargain and was sentenced to a term of ten years imprisonment. Id. ¶ 85.

## III. LEGAL STANDARDS

### A. Rule 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

---

[6] The SAC does not allege when Deng allegedly lied to Fountain or when Deng paid Fountain.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL          'O'

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | June 5, 2017 |
| Title | YIJIN LU ET AL. V. DANIEL HONG DENG ET AL. | | |

recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading

**CIVIL MINUTES - GENERAL**     **'O'**

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | June 5, 2017 |
|---|---|---|---|
| Title | YIJIN LU ET AL. V. DANIEL HONG DENG ET AL. | | |

could not possibly cure the deficiency." <u>Schreiber Distrib. Co. v. Serv-Well Furniture Co.</u>, 806 F.2d 1393, 1401 (9th Cir. 1986); <u>see</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000).

## B.     Rule 9(b)

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pleaded with particularity. Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." <u>Vess v. Ciba–Geigy Corp. U.S.A.</u>, 317 F.3d 1097, 1103–04 (9th Cir.2003).  A claim is said to be "grounded in fraud" or " 'sounds in fraud' " where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim.  <u>Id.</u>  "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed.R.Civ.P.] 9(b)."  <u>Id.</u>  However, where a plaintiff alleges claims grounded in fraudulent and non-fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements.  <u>Id.</u> at 1104.

A pleading is sufficient under Fed.R.Civ.P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." <u>Walling v. Beverly Enters.</u>, 476 F.2d 393, 397 (9th Cir.1973).  This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth.  <u>In re GlenFed Sec. Litig.</u>, 42 F.3d 1541, 1548 (9th Cir. 1994).  Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false." <u>Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc.</u>, 637 F.3d 1047, 1055 (9th Cir.2011) (quoting <u>Ebeid ex rel. United States v. Lungwitz</u>, 616 F.3d 993, 998 (9th Cir.2010)).

## IV.     DISCUSSION

### A.     Unclean Hands

In their joint motion to dismiss, Fountain and Deng argue that the SAC should be dismissed pursuant to the doctrine of *in pari delicto*, or unclean hands.  According to Fountain and Deng, plaintiffs allege that they paid $400,000 in retainer fees to Deng so

**CIVIL MINUTES - GENERAL**  **'O'**

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | June 5, 2017 |
|----------|--------------------------|------|--------------|
| Title | YIJIN LU ET AL. V. DANIEL HONG DENG ET AL. | | |

that Deng would bribe a judge of the Superior Court or district attorney on behalf of Zhai and Yang.

The doctrine of unclean hands "bars relief to a plaintiff who has violated conscience, good faith or other equitable principles in his prior conduct, as well as to a plaintiff who has dirtied his hands in acquiring the right presently asserted." Dollar Sys., Inc. v. Avcar Leasing Sys., Inc., 890 F.2d 165, 173 (9th Cir. 1989) (citations omitted). "The doctrine of unclean hands also can bar a defendant from asserting an equitable defense." Seller Agency Council, Inc. v. Kennedy Ctr. for Real Estate Educ., Inc., 621 F.3d 981, 986 (9th Cir. 2010). Thus, the doctrine of unclean hands does not apply "where the defendant is the one guilty of the greatest moral fault." Jacobs v. Universal Dev. Corp., 53 Cal. App. 4th 692, 700, 62 Cal. Rptr. 2d 446 (1997), as modified (Mar. 25, 1997). The "general rule" is "that application of the doctrine of unclean hands is a question of fact." CrossTalk Prods., Inc. v. Jacobsen, 65 Cal.App. 4th 631, 639 (1998). Therefore, "[a] demurrer based on [unclean hands] cannot properly be sustained where the action *might* be barred by the defense, but is not *necessarily* barred." Id. at 635.

Based upon the pleadings alone, the Court is ill-situated to compare the fault of the parties. Plaintiffs allege that Deng suggested, "that the judicial system could be corruptly influenced." SAC ¶ 116. Construing the allegations in plaintiffs' favor, it appears that Unclean Hands *might* apply to this case, but does not *necessarily* preclude any recovery. Accordingly, defendants' request that the SAC be dismissed by reason of the doctrine of unclean hands is denied.

### B. Yang and Zhai's Guilt

Deng and Fountain also argue that plaintiffs' claims should be dismissed because Zhai and Yang do not allege that they were wrongfully convicted of the charges in the Criminal Case.

In a civil malpractice case against an attorney, the plaintiff must prove (1) the duty of the attorney to use reasonable skill, prudence, and diligence; (2) a breach of that duty; (3) that the breach of duty was the proximate cause of a resulting injury; and (4) actual injury. Schultz v. Harney, 27 Cal. App. 4th 1611, 1621, 33 Cal. Rptr. 2d 276 (1994). However, California has adopted an "additional element" where a plaintiff alleges "legal malpractice in the course of defending a client accused of crime," also known as

## CIVIL MINUTES - GENERAL      'O'

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | June 5, 2017 |
|---|---|---|---|
| Title | YIJIN LU ET AL. V. DANIEL HONG DENG ET AL. | | |

"criminal malpractice." Wiley v. Cty. of San Diego, 19 Cal. 4th 532, 536 n.1, 966 P.2d 983 (1998). "[I]n a criminal malpractice action actual innocence is a necessary element of the plaintiff's cause of action." Id. at 545.

The foregoing principle was established by the California Supreme Court in Wiley. After surveying other states' practices, the California Supreme Court in Wiley held that "[o]nly an innocent person wrongly convicted due to inadequate representation has suffered a compensable injury because in that situation the nexus between the malpractice and palpable harm is sufficient to warrant a civil action, however inadequate, to redress the loss." Id. at 539. Even where defense counsel's malpractice "may be the least excusable, such as the lawyer's failure to raise a defense . . . which would have prevented the prosecution . . . a defendant's own criminal act remains the ultimate source of his predicament irrespective of counsel's subsequent negligence." Id. at 539-40. In light of Wiley, California courts acknowledge that, "a criminal defense attorney [often may] collect a large retainer fee from a client and neglect the client's case with impunity" unless that client can prove their innocence. Lynch v. Warwick, 115 Cal. Rptr. 2d 391, 396 (2002).

Even claims styled as a breach of contract may require proof of innocence. See e.g. Lynch, 115 Cal. Rptr. 2d at 395 ("while couched in terms of breach of contract," plaintiff's claim for disgorgement of attorneys' fees requires proof of innocence); Khodayari v. Mashburn, 132 Cal. Rptr. 3d 903, 908 (2011) ("although appellant gives various labels to his causes of action, the alleged facts supporting the claims show that all of them are based on legal malpractice"). However, not every action brought by a convicted client against their former defense counsel requires proof of innocence. Instead, courts determine what "primary right" is being asserted and determine whether there are public policy reasons for requiring proof of innocence to support particular allegations. Bird, Marella, Boxer & Wolpert v. Superior Court, 130 Cal. Rptr. 2d 782, 788 (2003). If the primary right being asserted is the "right to competent legal representation," then the convicted plaintiff must prove innocence. Id. at 788-89. But if a former client claims to have been over-billed, he or she may not be required to prove their innocence. Id.

Here, plaintiffs allege that "ZHAI and YANG are not asserting that their damages stem from being sentenced to any term of imprisonment, nor are they, by this complaint,

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | June 5, 2017 |
|----------|--------------------------|------|--------------|
| Title | YIJIN LU ET AL. V. DANIEL HONG DENG ET AL. | | |

making any statement concerning their guilt or innocence." SAC ¶ 68. Accordingly, any claim which would require proof of innocence must be dismissed.

With the foregoing principles in mind, the Court proceeds to evaluate plaintiffs' claims.

### C.     Common Law Fraud and Violation of the UCL

Plaintiffs allege that Deng made several misrepresentations to Lu and Han during meetings on April 5, 2015, and April 27, 2015, respectively. To state a claim for fraud, plaintiffs must allege "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996). "An action for promissory fraud may lie where a defendant fraudulently induces the plaintiff to enter into a contract." Id.

As an initial matter, plaintiffs do not allege that Deng made any misrepresentations to his clients, Zhai and Yang. Accordingly, Zhai and Yang cannot allege fraud and their individual claims are **DISMISSED**.

Turning to Lu and Han's claims for fraud, defendants do not offer any reason Lu and Han should be required to prove that their daughters were wrongfully convicted in order to pursue a fraud claim. As defendants correctly assert in their motion, Lu and Han lack standing to bring a criminal malpractice claim against Deng because neither was Deng's client. Furthermore, none of the public policy concerns discussed in Wiley is implicated by Lu and Han's claims for fraud – neither mother alleges personal injury resulting from their daughter's sentence or conviction, nor can Lu or Han obtain any relief in the criminal proceedings. The primary right being asserted by Lu and Han is a claim for fraud. Neither mother is asserting, nor could they assert, their daughters' rights to competent counsel in the Criminal Case.

Han and Lu allege that Deng made numerous false or misleading statements to them during their meetings with him, that Deng knew his own statements to be false, that Deng intended to induce Han and Lu into executing the retainer agreements and paying their daughters' legal fees, that Han and Lu justifiably relied upon Deng's representations, and that Han and Lu suffered injury as a result of their reliance on Deng's misleading pitch. Han and Lu's allegations also satisfy Rule 9(b) by setting forth

the context of Deng's false and misleading statements as well as the "circumstances indicating falseness," In re GlenFed Sec. Litig., 42 F.3d at 1548. Han and Lu have therefore adequately pleaded claims against Deng for fraud.

Deng's motion to dismiss plaintiffs' fraud claims is **GRANTED in part** and **DENIED in part**. The motion is **GRANTED** with respect to Zhai and Yang's claims for fraud, but **DENIED** with respect to Han and Lu's claims for fraud.

Because Han and Lu have each stated a claim for fraud, they have also stated a derivative UCL claim. See Ellis v. J.P. Morgan Chase & Co., 950 F. Supp. 2d 1062, 1085 (N.D. Cal. 2013) (fraud claim sufficient to maintain claim under the fraud prong of the UCL); State Comp. Ins. Fund v. Drobot, Case No. 13-cv-956-AG, 2013 WL 12125748, at *6 (C.D. Cal. Nov. 20, 2013) (same). Accordingly, insofar as the UCL claim is predicated upon the alleged fraud by Deng, Han and Lu have alleged a violation of the UCL.

### D.    Charging Unconscionable Fees

The SAC alleges several claims predicated, in part, upon Deng's allegedly unconscionable fees. Specifically, plaintiffs' claims for breach of fiduciary duty, professional negligence, breach of the implied covenant of good faith and fair dealing, and violation of the UCL all include allegations about Deng's allegedly unconscionable fees.

As an initial matter, only Zhai and Yang's claims for breach of fiduciary duty and professional negligence may proceed under a theory that Deng breached his duty not to charge unconscionable fees. As already discussed, Han and Lu were not Deng's clients. Therefore, Han and Lu cannot allege a claim for breach of fiduciary duty. See Goodley v. Wank & Wank, Inc., 62 Cal. App. 3d 389, 395–96 (Ct. App. 1976) ("Because of the inherent character of the attorney-client relationship, it has been jealously guarded and restricted to only the parties involved"). Nor can plaintiffs' claims for breach of the implied covenant of good faith and fair dealing be predicated upon Deng's allegedly unconscionable fees because the retainer agreements expressly permitted a $200,000 fee for each client. See Carma Developers, Inc. v. Marathon Dev. Cal., Inc., 2 Cal. 4th 342, 374 (1992) (The implied covenant of good faith and fair dealing may not "prohibit a party from doing that which is expressly permitted by an agreement."). Lastly, because "the Rules of Professional Conduct do not constitute predicate laws for the purposes of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL          'O'

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | June 5, 2017 |
|---|---|---|---|
| Title | YIJIN LU ET AL. V. DANIEL HONG DENG ET AL. | | |

the UCL," <u>Travelers Prop. Cas. Co. of Am. v. Centex Homes</u>, Case No. 11-cv-3638-SC, 2013 WL 4528956, at *4 (N.D. Cal. Aug. 26, 2013), plaintiffs' claim for violation of the UCL cannot be predicated upon an attorney's violation of the rule against charging unconscionable fees. Thus, plaintiffs' UCL and breach of implied covenant of good faith and fair dealing claims are **DISMISSED** insofar as they rely on allegations that Deng charged unconscionable fees. Han and Lu's claims for breach of fiduciary duty are also **DISMISSED**. In light of the foregoing conclusions, the Court proceeds to analyze Yang and Zhai's claims for breach of fiduciary duty and professional negligence based upon Deng's allegedly unconscionable fees.

Zhai and Yang's claims for professional negligence and breach of fiduciary duty are functionally the same. <u>See</u> <u>Knight v. Aqui</u>, 966 F. Supp. 2d 989, 1000 (N.D. Cal. 2013) ("they are, in the context of legal malpractice claims like this one, functionally the same"); Rest. (Third) of Law Governing Lawyers § 49 (2000) ("Many claims brought by clients against lawyers can reasonably be classified either as for breach of fiduciary-duty or for negligence without any difference in result. For example, the duty of care enforced in a negligence action is also a fiduciary duty. . . . Pleaders typically add a fiduciary-duty claim to a negligence count for reasons of rhetoric or completeness"). Both allege that Deng breached his obligation as their attorney not to charge them unconscionable fees.

In contrast to a claim that Deng's representation of his clients was deficient, Zhai and Yang's claims that Deng charged them unconscionable fees are appropriately characterized as a "fee dispute" wherein Zhai and Yang's guilt is irrelevant. "The fiduciary duty to charge only fair, reasonable and conscionable fees applies to all members of the bar; criminal defense attorneys are not exempted. Nor . . . does any California statute, rule or court decision expressing an attorney's fiduciary duty to the client with respect to fees limit this duty to clients who are 'actually innocent.'" <u>Bird</u>, 130 Cal. Rptr. 2d at 792; <u>see also</u> <u>Winniczek v. Nagelberg</u>, 394 F.3d 505, 508 (7th Cir. 2005), <u>as amended</u> (Feb. 3, 2005) (Posner, J.) ("[T]he logic of the 'actual innocence' rule does not extend to a case in which the complaint is not that the plaintiff lost his case because of his lawyer's negligence, but that he was overcharged").

"Attorney fee agreements are evaluated at the time of their making and must be fair, reasonable and fully explained to the client. Such contracts are strictly construed against the attorney." <u>Severson & Werson v. Bolinger</u>, 1 Cal. Rptr. 2d 531, 533 (Ct. App. 1991), <u>reh'g denied and opinion modified</u> (Dec. 18, 1991); <u>see also</u> Cal. Rules of Prof.

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | June 5, 2017 |
|----------|--------------------------|------|--------------|
| Title | YIJIN LU ET AL. V. DANIEL HONG DENG ET AL. | | |

Conduct Rule 4-200(A) (A finding of unconscionability is based upon "all of the facts and circumstances existing at the time the agreement is entered into"). California Rule of Professional Conduct 4-200(B) provides, in pertinent part:

> Unconscionability of a fee shall be determined on the basis of all the facts and circumstances existing at the time the agreement is entered into . . . . Among the factors to be considered [are] . . . :
>
> (1) The amount of the fee in proportion to the value of the services [to be] performed.
> (2) The relative sophistication of the member and the client.
> (3) The novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly.
> (4) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the member.
> (5) The amount involved . . .
> (6) The time limitations imposed by the client or by the circumstances.
> (7) The nature and length of the professional relationship with the client.
> (8) The experience, reputation, and ability of the member or members performing the services.
> (9) Whether the fee is fixed or contingent.
> (10) The time and labor required.
> (11) The informed consent of the client to the fee.

Here, plaintiffs allege that Deng has "no or substantially no skill in handling criminal defense work." SAC ¶ 99. Nonetheless, Deng charged Zhai and Yang a flat, nonrefundable $200,000 fee for defense counsel in the Criminal Case. Plaintiffs' allegations further suggest that all the parties to the retainer agreements expected Zhai and Yang would plead guilty at the time they executed the retainer agreements. Thus, it is reasonable to infer from the pleadings that Zhai, Yang, and Deng did not expect the Criminal Case to proceed to trial or involve a lengthy attorney-client relationship involving a prolonged effort by Deng or complex motions practice. Drawing all reasonable inferences from the SAC in Zhai and Yang's favor, both have stated a claim for breach of fiduciary duty and for professional negligence based upon Deng's allegedly unconscionable fees and both claims withstand Deng's motion to dismiss.

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | June 5, 2017 |
|----------|--------------------------|------|--------------|
| Title | YIJIN LU ET AL. V. DANIEL HONG DENG ET AL. | | |

### E.   Claim for Violation of Section 6148

The only claim alleged against Fountain and Freed is plaintiffs' claim for declaratory relief pursuant to California Business and Professions Code section 6148. Plaintiffs' claim for violation of Section 6148 is alleged against all of the defendants and requests a declaratory judgment that the retainer agreements executed between plaintiffs and Deng are void. Section 6148 provides, in pertinent part:

> (a) In any case . . . [except where a contingency fee is sought] in which it is reasonably foreseeable that total expense to a client, including attorney fees, will exceed one thousand dollars ($1,000), the contract for services in the case shall be in writing. At the time the contract is entered into, the attorney shall provide a duplicate copy of the contract signed by both the attorney and the client, or the client's guardian or representative, to the client or to the client's guardian or representative. The written contract shall contain all of the following:

> > (1) Any basis of compensation including, but not limited to, hourly rates, statutory fees or flat fees, and other standard rates, fees, and charges applicable to the case.
> > (2) The general nature of the legal services to be provided to the client.
> > (3) The respective responsibilities of the attorney and the client as to the performance of the contract.

> . . .

> (c) Failure to comply with any provision of this section renders the agreement voidable at the option of the client, and the attorney shall, upon the agreement being voided, be entitled to collect a reasonable fee.

Cal. Bus. & Prof. Code § 6148. Declaratory judgment is appropriate where, (1) "the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." McGraw-Edison Co. v. Preformed Line Prod.

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | June 5, 2017 |
| Title | YIJIN LU ET AL. V. DANIEL HONG DENG ET AL. | | |

Co., 362 F.2d 339, 342 (9th Cir. 1966).  Plaintiffs seek a judicial declaration that their retainer agreements are void.

As an initial matter, Section 6148 has nothing to do with criminal malpractice or Zhai and Yang's guilt.  Contrary to Deng and Fountain's argument, plaintiffs' assertion of a right to void retainer agreements that do not appropriately set forth the basis for an attorney's fees is in the nature of a fee dispute that is unaffected by Wiley.

## 1.    Freed and Fountain

Insofar as plaintiffs seek declaratory relief, there does not appear to be any basis for relief against Freed and Fountain.  Plaintiffs do not allege an ongoing controversy between plaintiffs and either Freed or Fountain.

Plaintiffs' claim against Freed for violation of Section 6148 has not materially changed since the Court dismissed it on April 10, 2017.  Plaintiffs' claim against Fountain is functionally equivalent to their claim against Freed and warrants the same outcome.  Assuming arguendo that Freed and Fountain were each required to provide a copy of a written retainer agreement to their respective client or client's mother, Freed and Fountain's failure to do so would permit plaintiffs to void any contracts or oral agreements they made with Freed and Fountain.  However, plaintiffs do not allege any such contracts or oral agreements with Freed or Fountain, nor did Freed or Fountain seek any compensation from plaintiffs.  Deng paid Freed and Fountain for the legal services they each performed – not plaintiffs.  Section 6148 does not permit plaintiffs' to bring a claim voiding Freed's or Fountain's agreement with Deng regarding compensation. Plaintiffs acknowledge that Freed and Fountain were not parties to the retainer agreements and were totally unaware of each agreements' provisions until this action commenced.  No money was ever exchanged between plaintiffs and Fountain or Freed. Accordingly, plaintiffs' claims seeking to void their retainer agreements with Deng are appropriately **DISMISSED** as against Fountain and Freed.

## 2.    Deng

Although the foregoing reasoning applies with equal force to both Freed and Fountain, the claim against Deng is in a slightly different posture because plaintiffs actually executed retainer agreements with Deng and paid Deng for legal services. Section 6148 sets forth four requirements for a non-contingent retainer agreement:

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | June 5, 2017 |
|----------|--------------------------|------|--------------|
| Title | YIJIN LU ET AL. V. DANIEL HONG DENG ET AL. | | |

(1) it must state "any basis of compensation," i.e. the amount of a flat fee or hourly rates;

(2) it must state "[t]he general nature of the legal services to be provided;"

(3) it must state the "respective responsibilities" of both the client and attorney "as to the performance" of the agreement; and

(4) the client, client's guardian, or client's representative must be provided with a duplicate copy of the contract signed by "both the attorney and the client."

Cal. Bus. & Prof. Code § 6148. Plaintiffs allege that their retainer agreements violated Section 6148 because plaintiffs did not receive copies signed by Fountain or Freed, the agreements did not describe a fee splitting arrangement between Deng and the other defendants, and the agreements did "not explain[] in writing the basis for the fees being charged." SAC ¶ 161.

In support of their argument that a retainer agreement must be signed by all of the attorneys who may work on a client's behalf or receive any compensation, plaintiffs rely exclusively upon Section 6148(a)'s requirement that the client receive a copy signed by "the attorney." However, plaintiffs' reliance is misplaced. The legislature's use of the definite article and singular noun form belie any argument that *every* attorney who will work on a client's case must sign the retainer agreement and explain the basis for their personal compensation. Furthermore, the purpose of Section 6148 is not that every attorney who will work on a client's case sign the same document before the client gets their copy of the retainer agreement. Section 6148 "requires attorneys in noncontingent fee cases to procure signed, written contracts from clients reflecting rates, fees, and charges whenever it is reasonably foreseeable that their legal expenses will exceed $1,000." Huskinson & Brown, LLP v. Wolf, 84 P.3d 379, 383 (2004). Section 6148's purpose is "to ensure that clients are informed of and agree to the terms by which the attorneys who represent them will be compensated." Id. (emphasis added). Nothing in the language of Section 6148 or its legislative history suggests an intention to require various signatures and additional disclosures that would be of little use to a client.

Plaintiffs' only remaining argument is that the retainer agreements do not set forth the basis for the fees. SAC ¶ 161. Construed in the light most favorable to plaintiffs, plaintiffs appear to allege that the retainer agreements inadequately explained the

**CIVIL MINUTES - GENERAL**      **'O'**

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | June 5, 2017 |
|---|---|---|---|
| Title | YIJIN LU ET AL. V. DANIEL HONG DENG ET AL. | | |

"general nature" of the services to be provided and/or the attorneys' "responsibilities" as required by Section 6148. Satisfaction of the foregoing requirements turns upon the content of the contracts at issue.

Turning to the retainer agreements themselves, neither Zhai nor Lu has stated a claim for declaratory relief. The Zhai Retainer Agreement, of which the Court takes judicial notice, explains the "general nature" of the legal services to be provided and the attorneys' responsibilities. The Zhai Retainer Agreement states that Deng and Freed would "represent [Zhai] as [her] Attorney[s] at law regarding: . . . CRIMINAL CHARGE IN LOS ANGELES SUPERIOR COURT," and that Zhai empowered Deng and Freed to "take all steps in said matter deemed by ATTORNEYS to be advisable, including, but not limited to effecting a compromise, filing appropriate motions and taking all other appropriate steps." SAC Ex. 1 (emphasis in original). The Zhai Retainer Agreement plainly required Deng to represent Zhai in relation to the criminal charges she faced at the time and explained that to Deng's client. Section 6148 does not require exacting specificity. Neither Zhai nor Lu alleges that they misunderstood the foregoing language or that it was insufficient to apprise them of the general nature of the legal services Deng would provide. Furthermore, Zhai and Lu acknowledge having retained a copy of said agreement, signed by Deng, which they attached to the SAC. Accordingly, Zhai and Lu's claim for declaratory relief is **DISMISSED**.

In contrast to the Zhai Retainer Agreement, the two versions of the Yang Retainer Agreement do not appear to satisfy Section 6148's requirements.[7] On April 27, 2015, Deng and Han both signed Version One of the Yang Retainer Agreement. The English

---

[7] On April 27, 2015, Han executed a retainer agreement on her daughter's behalf and agreed to pay the flat fee on Yang's behalf. On April 28, 2015, Yang executed a different version of the retainer agreement, which stated that her fees would be "paid by family." SAC Ex. 5. Plaintiffs allege that Han was completely unaware that Yang signed a different version and was not given a copy of the version executed by Yang until this suit commenced. SAC ¶ 36.

For present purposes, the existence of two separate contracts executed by Yang and Han is of no moment. The Court need not determine the legal effect if only one is voidable. Plaintiffs have alleged a claim for declaratory relief from both versions of the Yang Retainer Agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL            'O'

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | June 5, 2017 |
| Title | YIJIN LU ET AL. V. DANIEL HONG DENG ET AL. | | |

text in the document makes no mention of Yang's criminal case or Deng's responsibilities. SAC Ex. 4. Unlike the Zhai Retainer Agreement or Version Two of the Yang Retainer Agreement, Version One of the Yang Retainer Agreement states that it is an agreement between *Fountain* and Yang for undetermined legal services. Id. at 1. The only reference to Deng appears near the end of the document, where it states:

> Client is advised that co-defendant _[Blank Line]_ has also retained
> ATTORNEY Daniel Deng as his/her counsel . . . .

Id. at 2. Because the preceding paragraphs of the retainer agreement make no mention of Deng or his having been retained for any legal services, there appears to be some ambiguity regarding whether Version One imposes any responsibilities upon Deng.[8] The only signature is allegedly Deng's, but Deng's signature appears above Fountain's name in the signature block. At the pleading stage, the Court draws all reasonable inferences in plaintiffs' favor. Thus, insofar as Version One of the Yang Retainer Agreement does not describe the legal services to be provided by any attorney and is not signed by the only attorney whom the document unambiguously purports to bind, Han has stated a claim for declaratory judgment that the Yang Retainer Agreement Version One is voidable.

Version Two of the Yang Retainer fares no better. Version Two does not appear to explain the general nature of the legal services to be provided by Deng or set forth his responsibilities. Instead, it states that Yang "retains [Deng and Fountain] to represent [Yang] as [her] Attorney at law regarding: . . . DENG AS FAMILY ATTORNEY. RAY FOUNTAIN FOR MY CRIMINAL CHARGES." SAC Ex. 5 (emphasis in original). The phrase "family attorney," standing alone, does not provide a meaningful description of the services to be provided by Deng or Deng's responsibilities. Absent evidence, the Court cannot conclude that the foregoing language satisfied Section 6148 as a matter of law. By listing Fountain as Yang's criminal attorney, Version Two of the Yang Retainer Agreement appears to have carved out the only legal services Yang sought at the time. Version Two of the Yang Retainer Agreement does not offer a description of Deng's responsibilities or the general nature of the services Deng would provide. Thus, Yang

---

[8] There appears to be a portion of the document in Mandarin, which is not translated into English. Deng does not argue that the Mandarin characters used in the document set forth an adequate description of the legal services to be provided, let alone describe Deng's responsibilities.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | June 5, 2017 |
| Title | YIJIN LU ET AL. V. DANIEL HONG DENG ET AL. | | |

has stated a claim for declaratory judgement that the Yang Retainer Agreement Version Two is voidable.

Since Han and Yang plausibly allege a claim for declaratory judgment that both versions of the Yang Retainer Agreement are voidable, the motion to dismiss Yang and Han's claim for declaratory judgment against Deng is **DENIED**.

### F.      Plaintiffs' Remaining Claims

Other than those already discussed above, plaintiffs have not stated any other claims for relief.

### 1.      Other Claims Predicated on Violations of the Rules of Professional Conduct

In addition to Deng's alleged violation of the rule against charging unconscionable fees, discussed above, plaintiffs allege that Deng violated other rules of professional conduct and that those violations also constituted breaches of Deng's fiduciary duties, professional negligence, violations of the UCL, and breaches of the implied covenant of good faith and fair dealing.  Plaintiffs accuse Deng of:

(1) violating a rule of professional conduct prohibiting false statements and guarantees;
(2) splitting fees in violation of the rules of professional conduct;
(3) violating a rule of professional conduct prohibiting an attorney from revealing confidential information to the public or other clients; and
(4) representing clients with adverse interests in violation of the rules of professional conduct.

However, plaintiffs have not alleged any plausible claims for relief based upon the foregoing conduct.

None of the plaintiffs allege any damages as a result of Deng's alleged violation of the foregoing rules of professional conduct.  Furthermore, as already discussed, the Rules of Professional Conduct do not describe Deng's duties to Han or Lu, who were not his clients.  Thus, Han and Lu cannot bring a claim predicated upon a violation of the Rules of Professional Conduct.  As for Zhai and Yang's claims, unlike Zhai and Yang's claims

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | June 5, 2017 |
|----------|--------------------------|------|--------------|
| Title | YIJIN LU ET AL. V. DANIEL HONG DENG ET AL. | | |

relating to Deng's fees, Deng's other alleged violations of the Rules of Professional Conduct relate to the adequacy of his representation in the Criminal Case.[9]  Accordingly, in order to proceed in their claims that Deng violated other rules of professional conduct, Zhai and Yang must allege their innocence and first obtain post-conviction relief.  <u>Wiley</u>, 19 Cal. 4th at 545.

In light of the foregoing, plaintiffs' claims predicated upon Deng's alleged violation of Rules of Professional Conduct other than the rule prohibiting unconscionable fees are **DISMISSED**.

## 2.    Contract Claims

Plaintiffs' breach of contract claims are predicated upon Deng's alleged failure to achieve a guaranteed sentencing outcome.  Plaintiffs allege that Deng breached the retainer agreements by not securing more favorable sentences.  The SAC does not allege any specific damages as a result of Deng's alleged breach of each retainer agreement; however, any injury caused by the sentences imposed in the Criminal Case is principally due to Zhai and Yang's commission of the underlying crimes.  Insofar as plaintiffs do not allege that Zhai and Yang were wrongfully convicted, <u>Wiley</u> precludes plaintiffs from claiming injury as a result of the sentences they received.[10]

---

[9] The one exception may be the allegations relating to fee-splitting between Deng and the other defendants.  However, even if this allegation might be characterized as a fee dispute, it is appropriately dismissed for a different reason – Zhai and Yang do not claim that Deng's fee-splitting caused them injury.

[10] Even if plaintiffs were not required to allege their innocence, plaintiffs have not stated a claim for breach of contract.  Plaintiffs' breach of contract claims are based upon Deng's oral representations prior to the execution of the retainer agreements.  "Under California law, a written contract presumptively supersedes all prior or contemporaneous oral agreements concerning the subject matter of the written contract," unless the contract is not fully integrated.  <u>Sullivan v. Massachusetts Mut. Life Ins. Co.</u>, 611 F.2d 261, 264 (9th Cir. 1979).  Whether or not a contract is integrated is a question of law.  <u>In re Ankeny</u>, 184 B.R. 64, 70 (B.A.P. 9th Cir. 1995).

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | June 5, 2017 |
|---|---|---|---|
| Title | YIJIN LU ET AL. V. DANIEL HONG DENG ET AL. | | |

    Because Zhai and Yang do not allege that they were wrongfully convicted and because plaintiffs do not allege breach of any written provision of their contracts, plaintiffs' claims for breach of contract are **DISMISSED**.

    A covenant of good faith and fair dealing is implied in every contract. <u>Foley v. Interactive Data Corp.</u>, 47 Cal.3d 654, 683, 254 Cal.Rptr. 211 (1988). "The implied promise requires each contracting party to refrain from doing anything to injure the right of the other to receive the benefits of the agreement. The precise nature and extent of the duty imposed by such an implied promise will depend on the contractual purposes." <u>Egan v. Mut. of Omaha Ins. Co.</u>, 620 P.2d 141, 145 (1979) (citations omitted).

    Other than the alleged violations of Deng's professional responsibilities and the amount of Deng's fees, discussed above, plaintiffs further allege that Deng breach the implied covenant of good faith and fair dealing by making guarantees about Zhai and Yang's likely sentences and other misleading statements *before* the retainer agreements were executed. Zhai and Yang cannot allege any such claim because they do not allege that Deng made sentencing guarantees to them. With respect to Han and Lu's claims, Deng could not have breach a contractual duty to Han and Lu before any such duty existed. <u>See</u> <u>Human Res. Dev. Press, Inc. v. Ikon Office Sols. Co.</u>, Case No. 05-cv-30068-KPN, 2006 WL 149043, at *9 (D. Mass. Jan. 12, 2006) ("Plaintiff's claim for breach of the implied covenant of good faith and fair dealing concerns statements made by Defendants *before* the contract was executed. While that may prove sufficient for Plaintiff's claim of fraud and misrepresentation . . . it is inadequate" to state a claim for breach of the implied covenant of good faith and fair dealing); <u>Town Park Hotel Corp. v. Priskos Investments, Inc.</u>, Case No. 1:02-cv-164-TC, 2006 WL 658896, at *5 (D. Utah Mar. 14, 2006) (only tort duties precede contract formation). Because plaintiffs' do not allege any other basis for their breach of the implied covenant of good faith and fair dealing claims, those claims are **DISMISSED**.

---

    The retainer agreements expressly disclaim any guarantees or representations about the sentencing outcome. Furthermore, the retainer agreements appear to be complete agreements and plaintiffs' do not allege otherwise. Thus, Deng's alleged statements before either contract was signed do not provide a basis for a breach of contract claim.

**CIVIL MINUTES - GENERAL**  **'O'**

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | June 5, 2017 |
|---|---|---|---|
| Title | YIJIN LU ET AL. V. DANIEL HONG DENG ET AL. | | |

### 3.    Civil RICO

Plaintiffs allege two claims pursuant to the federal RICO statutes.[11]  Plaintiffs allege a substantive violation of 18 U.S.C. § 1962(c) and a separate claim that Deng *conspired* to violate sub-section 1962(c), in violation of 18 U.S.C. § 1962(d) ("RICO Conspiracy").  "To establish a RICO claim, a plaintiff must show: (1) a violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962."  Spool v. World Child Int'l Adoption Agency, 520 F.3d 178, 183 (2d Cir. 2008).

Neither Zhai nor Yang alleges an injury to business or property resulting from Deng's conduct.  Accordingly, neither Zhai nor Yang may bring a RICO claim and their claims are **DISMISSED**.

Lu and Han both allege an injury to property (their payment of the retainer fees) and that said injury was caused by a violation of 18 U.S.C. § 1962.  However, neither Lu nor Han alleges a substantive violation of the RICO statute.  To state a claim for violation of 18 U.S.C. § 1962, a plaintiff must allege that a person engaged, or conspired to engage, in a "pattern" of "racketeering activity" in association with an "enterprise."  See 18 U.S.C. § 1962(c)-(d); see also Sanford v. MemberWorks, Inc., 625 F.3d 550, 557 (9th Cir.2010).  To allege a pattern, a plaintiff must allege "at least two acts of racketeering activity," 18 U.S.C. § 1961(5), as well as "a relationship between the predicates and of the threat of *continuing activity*," Howard v. Am. Online Inc., 208 F.3d 741, 750 (9th Cir. 2000) (quotation marks, citations, and brackets omitted) (quoting H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229 (1989)).  The threat of continuing activity is also known as the continuity requirement.  "Continuity is both a closed- and open-ended concept, referring

---

[11] On November 7, 2016, the Court ordered plaintiffs to file a RICO case statement in support of any RICO claims they allege.  Dkt. 28.  Plaintiffs filed such a statement in support of the original complaint, dkt. 31, and the First Amended Complaint ("FAC"), dkt. 48.  Plaintiffs did not file a RICO case statement in support of the SAC.  Both the FAC and SAC only alleged RICO claims against Deng and those allegations do not appear to have changed.  In the interests of judicial economy, the Court addresses the allegations of the SAC and will treat the RICO Case Statement filed on February 22, 2017, dkt. 48, as though it were also filed in support of the RICO claims in the SAC.

**CIVIL MINUTES - GENERAL**      **'O'**

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | June 5, 2017 |
|---|---|---|---|
| Title | YIJIN LU ET AL. V. DANIEL HONG DENG ET AL. | | |

either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." H.J., 492 U.S. at 241.

> To satisfy the continuity requirement, Plaintiffs must prove either a series of related predicates extending over a substantial period of time, i.e., closed-ended continuity, or past conduct that by its nature projects into the future with a threat of repetition, i.e., open-ended continuity.

Howard, 208 F.3d at 750.

The Supreme Court has "stressed the importance of the finding of a 'pattern of racketeering activity,' as distinguished from just a finding of the commission of two of the predicate acts. Jarvis v. Regan, 833 F.2d 149, 153 (9th Cir. 1987). Accordingly, "[t]his circuit has adopted a test for pattern which inquires whether the predicate acts are sporadic or isolated. If they are isolated and sporadic, then they cannot form a 'pattern.'" Durning v. Citibank, Int'l, 990 F.2d 1133, 1138 (9th Cir. 1993). Even where a defendant "may have committed numerous related predicate acts," a RICO claim is appropriately dismissed where those acts "arose from a single, isolated event." Id. at 1139.

Assuming arguendo that Deng's alleged predicate acts against Lu and Han are adequately pleaded, plaintiffs have failed to allege a pattern.[12] Here, Deng's two alleged predicate acts took place in April 2015, during Deng's initial consultations about a single criminal case. Plaintiffs do no allege predicate acts over a substantial period of time and therefore have not alleged closed-ended continuity. See Metcalf v. Death Row Records, Inc., Case No. 03-cv-1250-SC, 2003 WL 22097336, at *3 (N.D. Cal. Sept. 4, 2003) ("Because Defendants' conduct occurred over a span of one or two months, Plaintiff cannot establish closed-ended continuity").

---

[12] "Racketeering activity" is defined as certain criminally indictable acts, commonly referred to as predicate acts, including wire fraud. 18 U.S.C. § 1961(1). Here plaintiffs allege that Deng committed two acts of wire fraud. Because plaintiffs do not allege a "pattern" within the meaning of the RICO statute, the Court does not reach plaintiffs' predicate act allegations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL        'O'

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | June 5, 2017 |
|----------|--------------------------|------|--------------|
| Title | YIJIN LU ET AL. V. DANIEL HONG DENG ET AL. | | |

Nor do plaintiffs allege open-ended continuity. The two alleged acts of fraud by Deng are "insufficient to suggest that this practice had become a regular way of conducting business." Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1535 (9th Cir. 1992). Plaintiffs allege isolated activity during one month, in pursuit of two, related clients in a single criminal case. The foregoing allegations are insufficient as a matter of law to satisfy the requirements of the RICO statute. See id. (affirming the dismissal of RICO claims where multiple predicate acts were "in a sense a single episode having [a] singular purpose"); Durning, 990 F.2d at 1139 (affirming the dismissal of RICO claims where fraudulent statements induced losses to a class of securities consumers); Jarvis, 833 F.2d at 153 (affirming dismissal of RICO claim based upon multiple fraudulent attempts to misappropriate federal grant money); Howard, 208 F.3d 741, 750 (affirming dismissal of RICO claims where plaintiffs "present no facts indicating that [a misleading advertising scheme] would continue into the future"); Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1399 (9th Cir. 1986) (affirming dismissal where scheme "appears to be an 'isolated event'").

Accordingly, plaintiffs' RICO claims are **DISMISSED**.[13]

### 4.    Conspiracy

Plaintiffs allege a free-standing claim for civil conspiracy against Deng. Civil conspiracy is a "legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 510-11 (1994). Plaintiffs do not allege that Deng conspired with any other party. Instead, plaintiffs allege all of their claims against Deng directly. Plaintiffs' only claim against multiple defendants is their claim for declaratory relief against all three defendants. However, the Court dismisses plaintiffs' claim against Freed and Fountain. Accordingly, plaintiffs do not allege any basis for civil conspiracy liability. Plaintiffs' claim for conspiracy is **DISMISSED**.

---

[13] "[T]he failure to adequately plead a substantive violation of RICO precludes a claim for conspiracy." Howard v. Am. Online Inc., 208 F.3d 741, 751 (9th Cir. 2000). Accordingly, plaintiffs' substantive RICO claim and RICO Conspiracy claim are both dismissed.

**CIVIL MINUTES - GENERAL**        **'O'**

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | June 5, 2017 |
|---|---|---|---|
| Title | YIJIN LU ET AL. V. DANIEL HONG DENG ET AL. | | |

### G.    Summary

Most of plaintiffs' claims are dismissed herein.  Some claims survive, but may only be brought by particular plaintiffs and proceed under specific theories of recovery.  In light of the foregoing, the following claims withstand both motions to dismiss:

> Lu's claim against Deng for fraud;

> Han's claim against Deng for fraud;

> Lu and Han's claim against Deng for violation of the UCL based upon Deng's alleged fraud;

> Han and Yang's claim against Deng for declaratory relief pursuant to Section 6148;

> Yang's claims against Deng for breach of fiduciary duty and professional negligence based upon Deng's allegedly unconscionable fees; and

> Zhai's claims against Deng for breach of fiduciary duty and professional negligence based upon Deng's allegedly unconscionable fees.

The remainder of plaintiffs' claims and theories of recovery are dismissed.

## V.    CONCLUSION

Freed's motion to dismiss is **GRANTED**.

Deng and Fountain's motion to dismiss is **GRANTED in part** and **DENIED in part**.  The motion is **DENIED** with respect to Lu's claim for fraud, Han's claim for fraud, Lu and Han's claim for violation of the UCL, Han and Yang's claim for declaratory relief against Deng, Yang's claim for breach of fiduciary duty, Yang's claim for professional negligence, Zhai's claim for breach of fiduciary duty, and Zhai's claim for professional negligence.  In all other respects, Deng and Fountain's motion to dismiss is **GRANTED**.

The Court has previously dismissed the declaratory relief claim against Freed.  Plaintiffs' failure to correct the deficiencies previously identified in the declaratory relief claim against Freed warrants dismissal of plaintiffs' claim against Freed **with prejudice**.

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:16-cv-07283-CAS (RAOx) | Date | June 5, 2017 |
| --- | --- | --- | --- |
| Title | YIJIN LU ET AL. V. DANIEL HONG DENG ET AL. | | |

Plaintiffs' remaining claims are dismissed **without prejudice**.[14]  The Court grants plaintiffs **14 days leave** in which to file any amended complaint curing the deficiencies identified herein.  Plaintiffs will not be permitted to add any additional claims other than those already alleged in the SAC.  Furthermore, if plaintiffs choose to amend their RICO allegations, plaintiffs shall file an amended RICO Case Statement.

IT IS SO ORDERED.

|  | 00 | 04 |
| --- | --- | --- |
| Initials of Preparer | CMJ | |

---

[14] Although plaintiffs' claim against Fountain appears to be analogous to the claim against Freed, out of an abundance of caution, the Court grants plaintiffs leave to amend the claim against Fountain.  This is the first time the Court has evaluated plaintiffs' claims against Deng.